## BROWN v. CUBA–AMERICAN JOCKEY CLUB OF FLORIDA et al.

(District Court, S. D. Florida. September 14, 1925.)

No. 327.

1. **Corporations ☞668(7)—No jurisdiction of foreign corporation by service of officer and agent temporarily in district on personal matters.**

Jurisdiction of foreign corporation is not obtained by service of subpœna on officer and agent thereof while temporarily within the jurisdiction of a federal District Court and not on business of the corporation.

2. **Courts ☞308—Nonresident suable in federal court, in view of residence of other defendant and cause of action.**

A defendant in suit in federal District Court may not have it dismissed as against him because of being citizen and resident of another state; he having been personally served within the district, and the main defendant being a corporation of the state in which was the district, with principal office in the district and the acts complained of having occurred in the district.

In Equity. Suit by Harry D. Brown, Sr., against the Cuba-American Jockey Club of Florida and others. Motion of defendant Havana Jockey Club to quash service granted, and motion of defendant Monohan to dismiss denied.

See, also, 2 F.(2d) 612.

John W. Dodge, of Jacksonville, Fla., for complainant.

Cooper, Knight, Adair, Cooper & Osborne, of Jacksonville, Fla., for defendant corporation.

CALL, District Judge. This cause comes on for a hearing upon the special appearance and motion to quash the service upon Havana Jockey Club and the motion to dismiss by the defendant Monohan.

[1] Taking up the two motions of the Havana Jockey Club, based on its special appearances, the facts appearing in the files are that the Havana Jockey Club is a corporation organized under the laws of Cuba; that while its president and a person styled its general manager were within this District, not on the business of the corporation, they were each served with subpœnas, and it is this service which is attacked.

I think it is clear that an alien, coming within the jurisdiction of a United States District Court, may be sued within that district, provided legal service upon him may be obtained. The question, therefore, resolves itself into this: Does the marshal's return on the process show legal service? As I read and understand Goldey v. Morning News, 156 U. S. 521, 15 S. Ct. 561, 39 L. Ed. 517, this service was invalid, and confers no jurisdiction in this court over the person of the defendant corporation: "So a judgment rendered in a court of one state, against a corporation neither incorporated nor doing business within the state, must be regarded as of no validity in the courts of another state, or of the United States, unless service of process was made in the first state upon an agent appointed to act there for the corporation, and not merely upon an officer or agent residing in another state, and

only casually within the state, and not charged with any business of the corporation there." Supra; Lafayette Ins. Co. v. French, 18 How. 404, 15 L. Ed. 451; St. Clair v. Cox, 106 U. S. 350, 357, 359, 1 S. Ct. 354, 27 L. Ed. 222; Fitzgerald Co. v. Fitzgerald, 137 U. S. 98, 106, 11 S. Ct. 36, 34 L. Ed. 608; Mexican Central Railway v. Pinkney, 149 U. S. 194, 13 S. Ct. 859, 37 L. Ed. 699; In re Hohorst, 150 U. S. 653, 663, 14 S. Ct. 221, 37 L. Ed. 1211.

It further seems to me that, construing section 2604 of the Revised General Statutes of the state of Florida, in the light of its language and other provisions relative to foreign corporations and service upon them, there is no difference in the real meaning of said section and the conclusion of the Supreme Court in the above-cited case and cases cited. I am of opinion, therefore, that the motions to quash the service upon the Havana Jockey Club must be granted; and it will be so ordered.

[2] The motion to dismiss made by defendant Monohan is not in my judgment well taken. He was served personally within this district. It is true he is a citizen and resident of a state other than Florida, but the case made is against the main defendant, a Florida corporation, with its principal office in this district; but the actions complained of took place or were founded upon actions taking place in this district, and for that reason I do not think Monohan is in position to demand that he be sued in the district of his inhabitancy.

The points made in his motion to dismiss were many of them passed upon heretofore on the motion of the main defendant, and I see no reason to change my decision thereon. The other grounds of the motion I have considered, and do not think they are well taken.

There is one other thing that was touched upon in argument, and that is the lapse of time since the order appointing a receiver for the property of the defendant corporation, and no qualification by the party appointed. Unless this is remedied in a reasonable time, I am of opinion that the order appointing a receiver should be vacated.