## HUNTER PACKING CO. v. TRINITY–UNIVERSAL INS. CO.

Civ. No. 1535.

District Court, E. D. Illinois.

Dec. 5, 1947.

Pope & Driemeyer, of East St. Louis, Ill. (Frank M. Rain, Henry Driemeyer, and Robert Broderick, all of East St. Louis, Ill., of counsel), for plaintiff.

Caldwell, Downing, Noble & Garrity, of Kansas City, Mo., and Kramer, Campbell, Costello & Wiechert of East St. Louis, Ill. (Norman J. Gundlach, of East St. Louis, Ill., of counsel), for defendant.

WHAM, District Judge.

Plaintiff, an Illinois corporation with its principal office in East St. Louis, Illinois, has filed in this court its complaint seeking damages from defendant, Trinity-Universal Insurance Company, a Texas corporation, as surety on the bond of The Mc-Pheeters Warehouse Company, a Missouri corporation, carrying on the business of a public warehouse in the city of St. Louis, Missouri. The complaint charges damage to plaintiff's merchandise stored with The McPheeters Warehouse Company in St. Louis, Missouri, resulting from a failure of the warehouse company to exercise reasonable care in the warehousing of such goods. A statute of Missouri imposes liability on a warehouseman for failure to exercise such care in regard to warehoused merchandise as a reasonably careful owner of similar goods would exercise. The defendant has been licensed to transact an insurance business in Illinois and is doing so at present, and has appointed and constituted the Director of the Department of Insurance of Illinois as its agent for the service of process upon it.

Service of process in the instant case was had upon the defendant by service on the Assistant Director of the Department of Insurance of Illinois, under Chapter 73, Section 724, Illinois Revised Statutes, 1945.

Defendant has filed a motion to dismiss the complaint, or, in the alternative, to quash the summons and return, contending that since the instant cause of action arose in Missouri, service of summons on the Assistant Director of Insurance of Illinois was of no effect, and this court has no jurisdiction over said defendant.

A similar question arising under kindred facts was before this court in the case of Tomerlin v. London & Lancashire Indemnity Company of America, a Corporation, 76 F.Supp. 168. I adhere to my decision in that case. It is applicable and controlling here. For the reasons that the service was held good and jurisdiction sustained in that case, as expressed in the written opinion, defendant's motion here must be and is overruled.

Order may be entered accordingly.