144 So.2d 805 (1962)
CONFEDERATION OF CANADA LIFE INSURANCE COMPANY, a/K/a Confederation Life Association, Petitioner,
v.
MANUEL ANTONIO VEGA Y ARMINAN, Respondent.
No. 31739.
Supreme Court of Florida.
September 19, 1962.
*806 Shutts, Bowen, Simmons, Prevatt & Boureau and Cotton Howell, Miami, for petitioner.
Helliwell, Melrose & DeWolf and David P. Karcher, Miami, for respondent.
O'CONNELL, Justice.
The District Court of Appeal, Third District, certified the subject case to be one involving a matter of great public interest. Accordingly, this Court has jurisdiction of the cause in certiorari proceedings under Florida Constitution, Art. V, Sec. 4(2), F.S.A. See Susco Car Rental System of Florida v. Leonard, Fla. 1959, 112 So.2d 832.
The respondent, Manuel Antonio Vega y Arminan, instituted these proceedings in the Circuit Court for Dade County against the petitioner, Confederation of Canada Life Insurance Co., a Canadian insurance corporation. Respondent, a citizen of Cuba but residing in Florida, alleged that he had purchased an insurance policy from the petitioner in 1928, paid all the required premiums, and had demanded payment of the cash surrender value thereof, but the petitioner had refused to make such payment. He prayed for judgment against the petitioner in the amount of the cash surrender value plus a reasonable attorney's fee.
Petitioner filed a motion to dismiss the complaint on the ground, among others, that the court lacked jurisdiction over the subject matter and over the respondent.
The trial court entered an order denying the motion to dismiss, whereupon the respondent sought review by the district court of appeal through an interlocutory appeal. That court affirmed, writing the opinion herein reviewed, which opinion is reported in Fla.App., 135 So.2d 867.
It was noted by the district court that the policy was issued to respondent while he was a resident of Cuba and was accepted by the petitioner at its home office in Canada.
That court also observed that service of process was obtained upon the petitioner, who had qualified to do business in this state, by perfecting service on the Commissioner of Insurance of the State of Florida, pursuant to Sec. 624.0221, F.S.A., which reads in part as follows:
"(1) Each insurer applying for authority to transact insurance in this state, whether domestic, foreign or alien, shall file with the commissioner its appointment of the commissioner and his successors in office, on a form as furnished by the commissioner, as its attorney to receive service of all legal process issued against it in any *807 civil action or proceeding in this state, and agreeing that process so served shall be valid and binding upon the insurer. The appointment shall be irrevocable, shall bind the insurer and any successor in interest as to the assets or liabilities of the insurer, and shall remain in effect as long as there is outstanding in this state any obligation or liability of the insurer resulting from its insurance transactions therein
"(2) * * *
"(3) Service of process upon the commissioner as the insurer's attorney pursuant to such an appointment shall be the sole method of service of process upon an authorized domestic, foreign or alien insurer in this state."
The district court said that petitioner had contended its registration under the above statute did not make it amenable to process in an action based upon a policy not written in the State of Florida. The court's reply was that the action was transitory and thus the action could be brought by the respondent against the petitioner in any jurisdiction where service of process could be made on the petitioner.
Petitioner argued that the language in the concluding sentence of subsection (1) of the above statute ("as long as there is outstanding in this state any obligation or liability of the insurer resulting from its insurance transactions therein") limited the authority of the insurance commissioner to accept service only as to causes of action arising out of the petitioner's activities in this state. The court expressed its conviction that this language limited the duration of the express agency but did not limit the authority granted to the agent.
It was also argued before the court by the petitioner that the test as to whether or not it was amenable to process issuing out of the courts of this state was the "minimum contact" rule. The court determined that such rule applied to true substituted service statutes, such as Sec. 626.0505, F.S.A., and not to those cases where process is served upon an expressly designated agent of the corporation pursuant to statutes such as Sec. 624.0221, F.S.A., supra.
Finally, the court commented upon petitioner's assignment of error pertaining to the doctrine of forum non conveniens. It found the doctrine had not been presented to the trial court as ground for the motion to dismiss. The appellate court stated that, nevertheless, it had examined the record in the light of the discretion vested in the trial judge under the doctrine of forum non conveniens and had found no abuse of discretion, even had the issue been brought to his attention.
The district court of appeal thereupon affirmed the order of the trial judge denying the motion to dismiss the complaint.
Petitioner on this review by writ of certiorari raises two primary points for consideration. In addition, it reiterates its position that the Florida court was a forum non conveniens.
In this review, wherein the question was certified to us by the district court of appeal as being one of great public interest, we are interested in the entire decision of that court and not just in the "question" certified. Zirin v. Charles Pfizer & Co., Fla. 1961, 128 So.2d 594.
In its opinion the district court of appeal expressed the view the trial judge had not abused his discretion on the question of forum non conveniens, even had the issue been presented to him. Quite obviously this question was not properly before the district court. Therefore that part of its opinion dealing therewith is obiter. Accordingly, under the facts of this case we are not privileged to consider and decide the question. We will not discuss it.
Although we have assumed jurisdiction in this cause under the certification by the district court, petitioner advances the theory that the instant decision is one which is in direct conflict with a decision of this *808 Court, to-wit: Zirin v. Charles Pfizer & Co., Fla., 128 So.2d 594, supra.
Disposal of this last mentioned point will facilitate our disposition of the major points on this review; hence, we will first treat this contention.
The instant case involves the amenability of a foreign insurance corporation which has qualified to do business in this state (and thus has expressly appointed the insurance commissioner as its agent to receive service of process in any civil action or proceeding brought in this state) to service of process relating to a cause of action not arising within this state. The statute applicable is Sec. 624.0221, supra, which in subsection (3) provides that service upon the commissioner shall be the sole method of service of process upon an authorized insurer, domestic or foreign.
The Zirin case, on the other hand, involved a foreign corporation, not an insurer, which had not qualified to do business within this state. The applicable statute was Sec. 47.171, F.S.A.
The two cases involve two different kinds of corporations (qualified and non-qualified) and two different statutes (Sec. 624.0221 and Sec. 47.171). The instant case pertains to an expressly designated agent for the receiving of service of process where the sole method of obtaining service upon the corporation is by serving that agent. The Zirin case pertains to an agent impliedly authorized to receive such service and service upon him was not the sole method of obtaining service upon the foreign corporation.
The two cases are not in conflict.
Petitioner's major points on this review are that (1) Sec. 624.0221 cannot be construed to extend to service of process in a cause of action not arising out of the corporation's activities in this state and (2) if so construed, the statute is violative of constitutional due process.
Petitioner's brief and argument reflects confusion as to the applicable law. The statute and cases pertaining to service of process upon an actual representative or an impliedly appointed agent of a foreign corporation not authorized to do business within the state wherein the suit is brought are not applicable to the instant issue. The issue before us is restricted to those cases wherein the foreign corporation, as a condition precedent to its operations within the state, has expressly designated a public official as its agent for the purpose of receiving service of process. The question is whether that designation incorporates causes of action arising without the state and, if so, does the corporation thereby suffer a denial of due process of law.
Much has been written on this issue and while there is some conflict, the decided weight of authority is to the effect such a foreign corporation qualifying to do business in the state becomes amenable to process even as to causes of action not arising out of its transactions therein and thereby suffers no denial of due process of law.
A very comprehensive treatment of this subject (amenability to suit on causes of action not arising in the state of the forum) is given in Anno: 145 A.L.R. 630 (1942), supplemented in 162 A.L.R. 1424 (1945). While we do not rely on these annotations as authority for our decision we have found them helpful to an understanding of the questions in issue. The cases cited in these annotations are used to support our decision.
These annotations include treatment of both those corporations qualified to do business within the state and those not qualified and note that much of the apparent conflict among the jurisdictions may be reconciled by noting in which of those two classifications the corporation falls. It appears from the annotations and the cases cited therein to be almost universally accepted that a foreign corporation not qualified to do business within the state but actually *809 transacting such business therein (or having "minimum contacts" therein, as referred to by the district court of appeal in its opinion) is amenable to being sued in that state only as to causes of action arising out of its transactions in that state.
The original annotation in 145 A.L.R. noted some conflicts on the issue with which we are concerned, pertaining to foreign corporations authorized to do business in the state. In the supplement in 162 A.L.R. 1424 it is commented that "in most of the few cases decided since the previous annotation, the courts have condemned such substituted service as to transactions occurring without the state." Only a very few cases were referred to as being applicable.
Since the publication of the supplement in 162 A.L.R. the publishers of that service have kept cumulative the list of cases which may be properly related to the original annotation and we have examined each one of the thirty-odd cases cited. We find that the great majority involved foreign corporations not authorized to do business within the state wherein the action was commenced. Some related to corporations which had at one time been qualified but had withdrawn from the state and thus purportedly revoked the appointment of the public official as their agent. Few of the cases involved the specific issue with which we are involved here.
Of those applicable, several appeared to limit the amenability of the corporation to suit only on a cause of action arising in the state, but could be distinguished because of the peculiar provisions of the applicable statutes. A very few were flatly to the effect that such limitation was applicable, although the pertinent statute was not materially distinguishable from ours. On the other hand, several either directly or impliedly support the majority view that such corporations are amenable to service of process as to causes of action arising without the state: Tomerlin v. London & Lancashire Indemnity Co. of America, 76 F. Supp. 168 (E.D.Ill. 1944); Hunter Packing Co. v. Trinity-Universal Ins. Co., 76 F. Supp. 173 (E.D.Ill. 1947); Gibbons & Reed Co. v. Standard Accident Ins. Co., 191 F.Supp 174 (D.Utah 1960); and State ex rel. Blackledge v. Latourette, 1949, 186 Or. 84, 205 P.2d 849, 8 A.L.R.2d 803.
As pointed out in Anno: 2 L.Ed.2d 1664, at p. 1670, the question of whether a foreign corporation may be sued in a state on a cause of action in personam which did not arise within the state without violating constitutional due process had not been authoritatively settled until the Supreme Court of the United States issued its opinion in Perkins v. Benquet Consolidated Mining Co., 1951, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485, reh. den. 343 U.S. 917, 72 S. St. 645, 96 L.Ed. 1332
The Perkins case involved actions in personam brought in the courts of Ohio against a foreign corporation which had not registered to do business in Ohio and had not designated an agent in that state for the purpose of receiving service of process. The causes of action did not arise out of transactions within Ohio. Service of process was perfected on the president of the corporation while he was in Ohio.
The U.S. Supreme Court stated that its decision required answer to the question of whether the due process clause of the Fourteenth Amendment of the Federal Constitution precluded Ohio from subjecting a foreign corporation to the jurisdiction of its courts in an action in personam which did not arise in the state. The identical question is raised here. That court answered the question saying:
"* * * we hold that the Fourteenth Amendment leaves Ohio free to take or decline jurisdiction over the corporation." 342 U.S. at p. 438, 72 S.Ct. at p. 415.
And further it said:
"The instant case takes us one step further to a proceeding in personam to *810 enforce a cause of action not arising out of the corporation's activities in the state of the forum. Using the tests mentioned above we find no requirement of federal due process that either prohibits Ohio from opening its courts to the cause of action here presented or compels Ohio to do so. * * *" 342 U.S. at p. 446, 72 S.Ct. at p. 418.
In the Perkins case the corporation had neither registered to do business in Ohio nor designated a resident agent to receive service of process in that state. In the case now before us the petitioner corporation had done both.
If a suit in personam on a cause not arising in the state of the forum may be properly brought against a foreign corporation which has not registered to do business or designated an agent for accepting service of process without offending the requirement of due process, as was held in the Perkins case, logic and reason compel the conclusion that such an action may be properly brought against a foreign corporation which has by registering to do business in this state and by designating the commissioner of insurance as its agent pursuant to 624.0221, F.S.A. subjected itself to the "service of all legal process issued against it in any civil action or proceeding in this state."
The Perkins case makes clear that notice to the corporation must be fair and ample. In this case it is not contended that the petitioner corporation did not have fair and ample notice of the suit against it.
We therefore conclude, as did the district court, that subjecting the petitioner to service of process and the jurisdiction of the courts of this state does not violate the requirement of constitutional due process in this case.
As stated in the Perkins case provisions for making foreign corporations subject to service of process and subject to the jurisdiction of its courts, in cases such as this, is a matter within the legislative discretion of the state.
While it might be that Florida could by legislative act deny its process and use of its courts in actions against foreign corporations on causes not arising within this state, our legislature has not done so. Until it does such actions may be properly pursued in the courts of this state where process is properly served according to law.
The pertinent statute draws no distinction between actions when brought by a citizen or resident of this state against such a non-resident corporation and actions brought by a non-citizen or non-resident, and we see no reason or basis in these days to make that distinction. However, the annotations above referred to indicate that some decided cases have made a distinction on such a basis.
We also agree with the district court of appeal that the clause "as long as there is outstanding in this state any obligation or liability of the insurer resulting from its insurance transactions therein", found in Sec. 624.0221, applies to the duration of the commissioner's power to accept service of process and not as to the extent of his power. See 145 A.L.R. pp. 656-657. This matter is also discussed in 23 Am.Jur., Foreign Corporations, Sections 493-497, which discussion corroborates the conclusions we have reached here.
We have concluded that Sec. 624.0221 contemplates service of process on foreign corporations, such as the one involved here, even as to actions arising outside this state, and that subjecting the corporation to service of process in this manner and to suit in this state on such an action does not deny the corporation constitutional due process.
For the reasons above expressed the petition for writ of certiorari is hereby denied.
ROBERTS, C.J., and TERRELL, THOMAS, DREW, THORNAL and SEBRING (Ret.), JJ., concur.