PER CURIAM.
This is an interlocutory appeal by plaintiff from an order granting the motion of defendant, Weston Shipping Company, Ltd., to quash service of process. The service of process objected to was made by plaintiff upon the defendant, an Israeli corporation, by serving its president, Granger Weston, while he was in the state of Florida.
The business of the corporation is that of owning a motor vessel, Jamaica Queen. The only office it maintains is in London, England. The trial court found from the affidavits and depositions on file that the corporation has never transacted any business, nor had an office, resident agent or qualified to do business in the state of Florida; and that it appears that its president, a citizen of Canada, presently residing in the state of Texas, was not present in the state of Florida on February 16, 1968, on behalf of said defendant. Based upon these findings the trial court quashed the service of process because of lack of minimal contact on the part of the defendant, Weston Shipping Company, Ltd., with the state of Florida.
Appellant argues on appeal that he followed the requirements of § 48.081 Fla. Stat., F.S.A. in the service of process. The statute relied upon, in pertinent part, provides:
“(1) Process against any private corporation, domestic or foreign, may be served:
“(a) On the president or vice-president, or other head of the corporation; and in his absence:
“(b) On the cashier, treasurer, secretary or general manager; * * *
“(2) If a foreign corporation has none of the foregoing officers or agents in *897 this state, service may be made on any agent transacting business for it in this state.”
Appellant contends that it is not a requirement under the statute that the foreign corporation be transacting business in this state since service was had on the president of said corporation, as provided for in the statute. We can not agree.
It is our view that the trial court was correct in quashing service of process for lack of minimal contact and activity in the state of Florida. See Brown v. Cuba—American Jockey Club of Florida, (D.C.Fla.S.D. 1925) 7 F.2d 783.
Affirmed.