PEARSON, Judge.
The appellant, Anthony Bifano, was named as a third party defendant in the trial court. The appellee, Creative Management Associates Inc. of Florida, was the defendant in an action seeking damages for the breach of a contract for personal services brought by plaintiff Southern General Corporation d/b/a Thunderbird Motor Hotel. Creative Management as cross-plaintiffs sought to secure indemnity from Bifano for any liability to the plaintiff upon the theory that Bifano caused the breach. Process was served upon Bifano, a resident of the State of Texas, outside the State of Florida under the claimed authority of Fla.Stat. § 48.182 (1971) [1]. Bifano moved to dismiss the *910 crossclaim upon the ground that he was not subject to the jurisdiction of the Florida courts. The trial judge denied the motion. This interlocutory appeal is from that order. We reverse.
The complaint in the original action sought damages for the failure of Creative Management to carry out its contract with the plaintiff to supply the personal services of an entertainer for plaintiff’s hotel in Florida. The cross-complaint alleged that if Creative Management were held responsible to the hotel for its claim, then Bifano would be liable to Creative Management because it was Bifano who represented to Creative Management that the entertainer would appear if the contract were made with plaintiff.
We hold that the trial judge mistakenly held the section applicable to the non-resident Bifano. In Youngblood v. Citrus Associates of New York Cotton Exchange, Inc., Fla.App.1973, 276 So.2d 505, the court set forth the conditions under which former section 48.182 could be used to subject a non-resident to the jurisdiction of the Florida courts. Applying the Youngblood conditions to the instant case, we find that the contract breach of Creative Management is the “wrongful act” out of which the action arose, but that the alleged inducement for the contract is an independent “wrongful act” which is not alleged to be the cause of damage in Florida. See Bayitch, “Conflict of Laws: Florida 1970-1971,” 26 U.Miami L.Rev. 1, 25 (1971).
The order appealed is reversed with directions to enter an order dismissing the crossclaim.
Reversed.

. This section (48.182) was passed by the Legislature in 1970 and became effective July 1, 1970. It was repealed by the enactment of section 48.193 in 1973. Section 48.182 reads as follows:
“48.182 Service on nonresidents committing a wrongful act outside the state which causes injury within the state.' — -Any nonresident person, firm, or corporation who in person or through an agent commits a *910 wrongful act outside the state which causes injury, loss, or damage to persons or property within this state may be personally served in any action or proceeding against the nonresident arising from any such act in the same manner as a nonresident who in person or through an agent has committed a wrongful act within the state. If a nonresident expects or should reasonably expect the act to have consequences in this state or any other state or nation and derives substantial revenue from interstate or international commerce he may be served ; provided, that if such nonresident is deceased, his executor or administrator shall be subject to personal service in the same manner as a nonresident; . . . this section shall not apply to a cause of action for defamation of character arising from the act.”