450 So.2d 923 (1984)
Eileen DOMBROFF, Personal Representative of the Estate and Survivors of Stanley Dombroff, Deceased, Appellant,
v.
EAGLE-PICHER INDUSTRIES, INC., Appellee.
No. 83-2276.
District Court of Appeal of Florida, Third District.
June 12, 1984.
Baron & Associates and Jane N. Saginaw, Dallas, Tex., Louis S. Robles, Miami, for appellant.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Michael K. McLemore, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The final summary judgment under review is reversed and the cause is remanded for further proceedings upon a holding that: (1) the trial court acquired *924 personal jurisdiction over the defendant corporation herein under Section 48.081(3), Florida Statutes (1981), because: (a) the said corporate defendant was qualified to do business in Florida, and (b) the corporate defendant's designated resident agent was served in Dade County, Florida; Cassidy v. Ice Queen International, Inc., 390 So.2d 465 (Fla.3d DCA 1980); Junction Bit & Tool Co. v. Institutional Mortgage Co., 240 So.2d 879 (Fla. 4th DCA 1970); (2) this result is not changed by the fact that the cause of action sued upon: (a) does not arise from business activities conducted by the defendant corporation in Florida, Confederation of Canada Life Insurance Co. v. Vega y Arminan, 144 So.2d 805 (Fla. 1962); Killingsworth v. Montgomery Ward & Co., 327 So.2d 50 (Fla.2d DCA 1976); Crown Colony Club, Ltd. v. Honecker, 307 So.2d 889, 891 (Fla.3d DCA), cert. denied, 320 So.2d 392 (Fla. 1975); Junction Bit & Tool Co. v. Institutional Mortgage Co., supra at 881, and (b) arises from the defendant's business activities in the state of Maryland prior to designating its resident agent in Florida, although accruing for statute of limitations purposes subsequent thereto; see Confederation of Canada Life Insurance Co. v. Vega y Arminan, supra; Copeland v. Armstrong Cork Co., 447 So.2d 923, 924 (Fla.3d DCA 1984); Brown v. Armstrong World Industries, 441 So.2d 1098 (Fla.3d DCA 1983), and (3) for purposes of this case, we assume without deciding that the issue of personal jurisdiction over the defendant corporation herein was properly before the trial court for a ruling on the merits; but cf. Miller v. Marriner, 403 So.2d 472 (Fla. 5th DCA 1981).
Reversed and remanded.