464 So.2d 658 (1985)
EAGLE-PICHER INDUSTRIES, INC., Appellant,
v.
Shirley PROVERB, As Personal Representative of the Estate of Richard Proverb, Owens-Corning, Inc., an Ohio Corporation, et al., Appellee.
No. 84-1724.
District Court of Appeal of Florida, Fourth District.
March 6, 1985.
Michael K. McLemore of Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, P.A., Miami, for appellant.
John F. Venable of Venable, Venable & Venable, P.A., Tampa, for appellee.
PER CURIAM.
We affirm the trial court's non-final order denying appellant's motion to dismiss for lack of personal jurisdiction. Section 48.081, Florida Statutes (1983) makes no requirement of connexity between the cause of action being sued upon and the defendant foreign corporation's Florida business activities, if the defendant has a business office within the state and is actually engaged in business therefrom, and process is served upon a resident business agent of the defendant. This statute does not violate territorial jurisdiction limitations imposed by the due process clause of *659 the Fourteenth Amendment. See Hoffman v. Air India, 393 F.2d 507 (5th Cir.1968); Dombroff v. Eagle-Picher Industries, Inc., 450 So.2d 923 (Fla. 3d DCA 1984), and cases cited therein.
LETTS, GLICKSTEIN and DELL, JJ., concur.