519 So.2d 1087 (1988)
RANGER NATIONWIDE, INC., Santo Genkerell, a & S Trucking, Inc., and Dewline, Inc., Appellants,
v.
Judy COOK, Individually and As Personal Representative of the Estate of Earnest Robinson Smith, Jr., et al., Appellees.
Nos. 86-2542, 86-2597, 86-2599, 86-2706, 87-190, 87-2532 and 87-2533.
District Court of Appeal of Florida, Third District.
February 2, 1988.
As Amended on Denial of Rehearing March 8, 1988.
*1088 Jeanne Heyward; Welcher & Clark; Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy Gallagher and Kathryn S. Pecko, Miami, for appellants.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Herman J. Russomanno and Bertha Claire Lee and Gary S. Betensky and Sally R. Doerner, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
On August 26, 1985, Santo Genkerell, an interstate professional truck driver who is a New York citizen, was operating a tractor trailer on I-95 in North Carolina when it was involved in a collision causing three deaths. At the time, Genkerell was travelling from Savannah, Georgia, to New Brunswick, New Jersey, pursuant to a trip lease arranged by Dewline, Inc., a Maryland corporation not authorized to do business in Florida. The tractor was owned by A & S Trucking, Inc., a New York corporation of which Genkerell was the sole stockholder and officer and which apparently owned no assets other than the truck in question. The trailer portion of the rig was under lease by Ranger Nationwide, Inc., a Delaware corporation which was duly registered and authorized to do business in Florida. The decedents' survivors, Florida residents,[1] brought the present actions in the Dade County Circuit Court against Genkerell, A & S Trucking, Dewline and Ranger Nationwide. Personal service was effected against Ranger Nationwide through its designated agent for that purpose in Florida. As to Genkerell, A & S Trucking and Dewline, the plaintiffs perfected service under section 48.193(2), Florida Statutes (1985), which provides that:
A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
All the defendants moved to dismiss for lack of jurisdiction in Florida over their respective persons. The trial judge denied each of the motions and the defendants have taken these non-final appeals pursuant to Fla.R.App.P. 9.130(a)(3)(C)(i). We affirm as to Ranger Nationwide and reverse as to the other defendants.
Ranger Nationwide's contention that it may not be subject to Florida jurisdiction because the cause of action did not arise out of its activities here borders on, if it does not cross, the frontier of the frivolous. It is well settled that a foreign corporation which voluntarily registers and qualifies to do business in Florida is subject to the process of our courts, no matter what the nature of the claim or its lack of so-called "connexity" with its Florida business. Hoffman v. Air India, 393 F.2d 507 (5th Cir.1968), cert. denied, 393 U.S. 924, 89 S.Ct. 255, 21 L.Ed.2d 260 (1968); Durkin v. Costa Armatori S.p.A., 481 So.2d 506 (Fla. 3d DCA 1985); Eagle-Picher Indus., Inc. v. Proverb, 464 So.2d 658 (Fla. 4th DCA 1985); Dombroff v. Eagle-Picher Indus., Inc., 450 So.2d 923 (Fla. 3d DCA 1984), pet. for review denied, 458 So.2d 272 (Fla. 1984). Hence, the orders as to Ranger Nationwide are affirmed.[2]
*1089 We reach a different conclusion as to Genkerell, A & S Trucking and Dewline. While, as we pointed out in American Motors Corp. v. Abrahantes, 474 So.2d 271 (Fla. 3d DCA 1985), the new version of section 48.193(2) enacted in 1985 explicitly no longer requires "connexity" between Florida activity and the cause of action, an element noticeably absent in this case, both the statute and the Constitution, see Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), do require that to support jurisdiction in the absence of such a connection the activities of the foreign person or corporation within the state must be "substantial and not isolated."
That is not true either of Genkerell and A & S Trucking, which we treat as one, or of Dewline. The sporadic contacts with our state of these defendants consisted only of
(a) several isolated trucking trips into Florida during the ordinary course of Genkerell's virtually nationwide travels, including one immediately prior to his traveling unloaded to Savannah where he arranged the trip involved in this case; and
(b) Dewline's use of the Florida highways as a part of its similarly widespread truck ownership and brokerage business, which did not involve maintaining any employees, property or office in Florida at all since at least 1984 and from which it derived less than one percent of its total gross revenue. See W.C.T.U. Ry. v. Szilagyi, 511 So.2d 727 (Fla. 3d DCA 1987) (defendant whose boxcars foreseeably entered Florida as part of its nationwide business not subject to Florida jurisdiction upon Florida accident involving one of its cars).
These contacts fall far short of the "continuous and systematic" activity, see International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), which, in common with cases interpreting a Wisconsin statute virtually identical to section 48.193(2), we hold is required to satisfy the "substantial and not isolated" test. Towne Realty, Inc. v. Bishop Enters. Inc., 432 F. Supp. 691 (E.D.Wis. 1977); Modern Cycle Sales, Inc. v. Burkhardt-Larsen Co., 395 F. Supp. 587 (E.D.Wis. 1975). In Ladwig v. Truck Ins. Exch., 498 F. Supp. 161, 163 (E.D.Wis. 1980), a case uncannily similar to this one, the court refused to impose personal jurisdiction in Wisconsin over a nonresident truck owner for an Idaho accident which injured a Wisconsin plaintiff, holding that the defendant's
"infrequent use of Wisconsin roads ... does not constitute the `continuous and systematic' activity necessary to confer jurisdiction...."
We follow these cases both in their statements of the general principles of controlling law and Ladwig's obvious particular application to the present case. See City Contract Bus Serv., Inc. v. Woody, 515 So.2d 1354 (Fla. 1st DCA 1987) (no Florida jurisdiction over foreign defendants for out of state motor vehicle accident under prior statutes); McKenzie v. Bonning, 474 So.2d 1241 (Fla. 3d DCA 1985) (same); see also W.C.T.U. Ry., 511 So.2d at 729.
Indeed no other conclusion would be constitutionally permissible. In Helicopteros, the Supreme Court of the United States recently held that an attempt to subject a foreign corporation to the jurisdiction of a particular state on the basis of activities which were far more extensive than that of these defendants in Florida runs counter to the requirements of due process. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); International Shoe Co., 326 U.S. at 310, 66 S.Ct. at 154, 90 L.Ed. at 95. A fortiori, the same result is required here.
For the reasons stated, the orders under review are affirmed as to Ranger Nationwide, Inc. and reversed as to Genkerell, A & S Trucking, Inc. and Dewline, Inc.
Affirmed in part, reversed in part.
NOTES
[1] This fact is immaterial to the propriety of the subjection of the defendants to Florida jurisdiction. It would be pertinent only in considering a motion to dismiss or transfer for forum non conveniens by a defendant  such as Ranger Nationwide  which is properly served here. See Seaboard Coast Line R.R. v. Swain, 362 So.2d 17 (Fla. 1978); see also Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983).
[2] This ruling of course concerns the jurisdictional question alone. It is not meant to suggest that the owner or lessee of a trailer may be substantively, vicariously liable for the negligent operation of the truck combination of which it is only a part. Pullman, Inc. v. Johnson (Fla. 4th DCA case no. 85-987, opinion filed, Nov. 4, 1987) [12 FLW 2528]; U-Haul Co. v. Liberty Mut. Ins. Co., 445 So.2d 1082 (Fla. 4th DCA 1984); Foster v. Lee, 226 So.2d 282 (Fla. 2d DCA 1969).