526 So.2d 749 (1988)
ROSE'S STORES, INC., Appellant,
v.
Queen CHERRY, et al., Appellees.
No. 87-2399.
District Court of Appeal of Florida, Fifth District.
June 2, 1988.
Valerie P. Foote and Francis J. Carroll, Jr., of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellant.
Anthony I. Provitola, P.A., DeLand, for appellees.
COBB, Judge.
The issue in this case is whether appellant, Rose's Stores, Inc. (Rose's), may be sued in Volusia County for an accident occurring in North Carolina based on service of its registered agent in Florida.
Appellees, Queen Cherry and Leroy J. Cherry (the Cherrys), filed a complaint against Rose's in the Circuit Court for Volusia County for injuries suffered by Mrs. Cherry in a Rose's store in North Carolina when a chair on which she was sitting collapsed. The only jurisdictional allegation in the complaint is as follows:
2. That the Defendant, ROSE'S STORES, INC., is a corporation organized and existing under the laws of the State of Delaware, and is licensed to do business in the State of Florida; ...
The complaint was served on C.T. Corporate Systems, as Rose's registered agent.
Rose's filed a motion to quash and dismiss, alleging that the complaint was devoid of any basis for jurisdiction, and that the mere factual allegation that the defendant is licensed to do business in Florida does not relieve the plaintiff from the burden of alleging proper long-arm jurisdiction. At a hearing on the motion, the Cherrys argued that they were not depending on the long-arm statute, since the resident agent was served and, thus, the company was "present" in Florida. The court ultimately agreed with the Cherrys and entered an order on December 10, 1987, denying Rose's motion to quash and dismiss and ordering Rose's to file an answer to the complaint.
On appeal, Rose's contends the trial court erred in denying its motion to dismiss, since no basis for jurisdiction via the long-arm statute has been shown, only that service of process has been made on a registered agent. The Cherrys claim that the trial court was correct, since Rose's had submitted itself to the jurisdiction of Florida courts by qualifying to do business in Florida. According to the Cherrys, since service was made on Rose's registered *750 agent via section 48.081(3), Florida Statutes (1985),[1] it is immaterial that the cause of action arose outside of Florida and no other basis for jurisdiction is required.
Cherry's argument and the trial court's ruling below are primarily based on two cases: Junction Bit & Tool Company v. Institutional Mortgage Company, 240 So.2d 879 (Fla. 4th DCA 1970); and Dombroff v. Eagle-Picher Industries, Inc., 450 So.2d 923 (Fla. 3d DCA), petition for review denied, 458 So.2d 272 (Fla. 1984). In Junction Bit, the plaintiff filed a petition in Brevard County Circuit Court to enforce compliance with an earlier judgment of the court in another cause. The defendant, a Colorado company qualified to do business in Florida, had a registered agent for service of process in Florida, but moved to dismiss the petition, claiming service on the registered agent was insufficient without a showing that the cause of action against the corporation arose out of its activities in Florida.
The Fourth District disagreed with the defendant and held that the lower court had in personam jurisdiction. The court distinguished two Florida Supreme Court cases, Illinois Central Railroad Company v. Simari, 191 So.2d 427 (Fla. 1966); and Zirin v. Charles Pfizer & Company, 128 So.2d 594 (Fla. 1961), which dealt with service of process under a predecessor statute and which had held that for in personam jurisdiction, the cause of action must arise out of the corporation's activities in Florida. The Fourth District noted that both supreme court cases dealt with statutes authorizing "service on any agent doing business" for the corporation in Florida, whereas the statute at issue in Junction Bit provides for service "on a resident agent specifically appointed for purposes of receiving process." Additionally, the court noted that both prior cases dealt with foreign corporations which were not qualified to do business in Florida and had no resident agent appointed. The court determined that neither the legislature nor the supreme court imposed a limitation on section 48.081(3) that service would be effective only when the corporation's activities in the state gave rise to the suit. The Fourth District found that the due process clause did not require such a limitation, either because of notice or due to the lack of minimum contact. The court noted that the minimum contact requirement was not questioned in Junction Bit, and further stated:
We believe, however, that such minimum contacts would seem patently established where, as here, the foreign corporation has actually qualified under Florida law to transact business in this state and has appointed a resident agent for service of process as required by F.S. 1969, section 48.091, F.S.A.
240 So.2d at 882.
In Dombroff, the Third District, in a summary opinion, citing Junction Bit, held *751 that the trial court had personal jurisdiction over the defendant corporation pursuant to section 48.081(3), since the corporation was qualified to do business in Florida and the corporation's designated resident agent was served in Dade County. The court further held that this result was not altered because the cause of action did not arise from business activities conducted in Florida, but, rather, from the corporation's activities in Maryland prior to the designation of the resident agent in Florida.
Recently, in Ranger Nationwide, Inc. v. Cook, 519 So.2d 1087 (Fla. 3d DCA 1988), the Third District was faced with a case arising out of a tractor-trailer accident in North Carolina. One of the companies sued, Ranger Nationwide, which owned the trailer portion of the rig, was a Delaware Corporation duly registered and authorized to do business in Florida. Personal service was effected against Ranger through its designated agent for service in Florida. Ranger moved to dismiss for lack of jurisdiction, and the trial court denied the motion. The Third District affirmed and stated:
Ranger Nationwide's contention that it may not be subject to Florida jurisdiction because the cause of action did not arise out of its activities here borders on, if it does not cross, the frontier of the frivolous. It is well settled that a foreign corporation which voluntarily registers and qualifies to do business in Florida is subject to the process of our courts, no matter what the nature of the claim or its lack of so-called `connexity' with its Florida business. Hoffman v. Air India, 393 F.2d 507 (5th Cir.1968), cert. denied, 393 U.S. 924, 89 S.Ct. 255, 21 L.Ed.2d 260 (1968); Durkin v. Costa Armatori S.p.A., 481 So.2d 506 (Fla. 3d DCA 1985); Eagle-Picher Indus., Inc. v. Proverb, 464 So.2d 658 (Fla. 4th DCA 1985); Dombroff v. Eagle-Picher Indus., Inc., 450 So.2d 923 (Fla. 3d DCA 1984), pet. for review denied, 458 So.2d 272 (Fla. 1984). Hence, the orders as to Ranger Nationwide are affirmed.
Id. at 1088 (footnote omitted).
Rose's reliance on Youngblood v. Citrus Associates of New York Cotton Exchange, Inc., 276 So.2d 505 (Fla. 4th DCA), cert. denied, 285 So.2d 26 (Fla. 1973), in support of its contention that the long-arm statute must also be satisfied before jurisdiction may lie based on service on the registered agent is misplaced. In Youngblood, the Fourth District affirmed the trial court's quashing of service of process on the defendant, a New York corporation. In that case, process was served in Florida on a vice president of the corporation. The corporation did not maintain any offices or property in Florida, and had no officers, employees or agents in the state. The cause of action at issue concerned actions taken by the corporate board of directors in New York. On appeal, the appellants contended that service of process was proper pursuant to section 48.081(1), Florida Statutes (1971), which allowed for process on certain enumerated officers of a corporation. The appellants contended that this provision conferred in personam jurisdiction provided the corporation possesses minimum contacts with the state, notwithstanding that the corporation does not do business in the state or that the cause of action did not arise out of activities in Florida. The Fourth District refused to accept this interpretation, finding that to do so would turn every case into a "constitutional problem of defining, according to the facts of each particular case `minimum contacts.'" Id. at 508. The court held that the requirements of doing business and connexity raised in section 48.181 must be read in pari materia with section 48.081, and stated:
Under this construction, Florida Statute § 48.081, F.S.A. (with the exception of subsection 5) then merely provides an alternative method of service. Therefore, to serve a foreign corporation not qualified to do business in Florida but which is doing business in Florida, where the cause of action arose out of the corporation's activities in Florida, service may be made either constructively upon the secretary of state, or personally upon those persons listed in § 48.081(1)-(3).
In summary, the burden of proof to sustain the validity of service of process *752 is upon the person who seeks to invoke the jurisdiction of the court. Zirin v. Charles Pfizer & Co., supra. This party must show, when attempting to serve a foreign corporation not qualified to do business in the State of Florida, that the requirements of Florida Statute § 48.181, F.S.A. (namely, doing business and connexity) have been met and that process has been served upon a person qualified to accept such process. We would note at this point that the question of due process or `minimum contacts' is not properly discussed if a showing of doing business has been made as the doing business requirement necessarily includes the concept of minimum contacts.
Id. at 509 (footnotes omitted).
Under Youngblood, when a foreign corporation is not qualified to do business in the State of Florida, the requirements of doing business and connexity must be shown to properly allow in personam jurisdiction. In the instant case, pursuant to section 48.091, Florida Statutes (1985),[2] Rose's Stores, Inc., is qualified to do business in the state and, thus, falls outside the ambit of Youngblood. By having a registered agent in the state, the minimum contacts requirement is met, and connexity need not be shown. We agree with the Third District's opinions in Dombroff and Ranger Nationwide, Inc., as well as the Fourth District's opinion in Junction Bit, all of which concern corporations qualified to do business in Florida, and, accordingly, hold that the trial court was correct in denying the motion to dismiss the complaint.
AFFIRMED.
SHARP, C.J., and ORFINGER, J., concur.
NOTES
[1] Section 48.081 provides as follows:

(1) Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
(3) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's place of business.
(4) This section does not apply to service of process on insurance companies.
(5) When a corporation engages in substantial and not isolated activities within this state, or has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent while on corporate business within this state may personally be made, pursuant to this section, and it is not necessary in such case that the action, suit, or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state.
[2] Section 48.091, Florida Statutes (1985), provides in pertinent part:

(1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.