543 So.2d 447 (1989)
UNIVERSAL CARIBBEAN ESTABLISHMENT, d/b/a Jolly Beach Resort, a Liechtenstein Corporation, Appellant,
v.
Brian BARD and Nancy Bard, His Wife, and Jolly Beach Ltd., Inc., a Florida Corporation, Appellees.
No. 88-0358.
District Court of Appeal of Florida, Fourth District.
May 24, 1989.
Richard Nichols and Marilyn Holifield of Holland & Knight, Miami, for appellant.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, and Broad and Cassel, Miami, for appellees-Bard.
WARNER, Judge.
The order appealed herein denied the defendant's motion to dismiss for lack of personal jurisdiction and to quash service of process over the appellant, Universal Caribbean Establishment d/b/a Jolly Beach Resort, a Liechtenstein corporation, thus subjecting the corporation to the jurisdiction of the courts of Florida in this personal injury suit.
The appellees, Connecticut residents, were guests at the resort owned by appellant in Antigua, West Indies. Their reservations for this resort were booked through Jolly Beach, Limited, a Florida corporation (hereinafter referred to as "Limited"). While at the resort, appellee Brian Bard suffered severe personal injury. The Bards brought suit in Broward County Circuit court against appellant Universal Caribbean and Limited. Service on Universal Caribbean was made pursuant to section 48.081(5), Florida Statutes (1987) on Jack Mermod, as business agent for Universal Caribbean. Mr. Mermod is president of Limited and appellees alleged that Limited was the business agent for Universal Caribbean and through which Universal Caribbean maintained a business office in the state. Service was also made on Universal Caribbean through the issuance of letters rogatory which were served on the corporation in Liechtenstein.
One-third of Limited's stock is owned by Jack Mermod and two-thirds is owned by Universal Air Tours, another corporation based in Liechtenstein. Dr. Alfred Erhardt is a shareholder in both Universal Air Tours and in Universal Caribbean. The record does not reflect whether there are other stockholders in either of the Universal corporations. However, one of the sales brochures indicates Dr. Erhardt is the "owner" of the resort hotel in Antigua. Dr. Erhardt is also president of Universal Caribbean, and he made a loan of $115,000.00 to capitalize Limited. Mr. Mermod was a personal friend of Dr. Erhardt's who worked for the Universal Caribbean resort. He and Dr. Erhardt decided to set up Limited in Florida to tap the lucrative tourist market in the United States from which Universal Caribbean had not been able to generate much business prior to the formation of Limited.
*448 Limited's business consists of being a tour operator solely for Universal Caribbean's Antigua resort. It is the largest booking agent in the United States for Universal and books approximately 20,000 reservations per year. While the resort also deals with other tour operators, Limited deals only with Universal Caribbean. In fact, Limited advertises that it is the tour agent for "our own hotel." Dr. Erhardt approved and helped work on these advertising brochures. Universal Caribbean approved all of the brochures, and the stationery of Limited uses the same logo as Universal Caribbean. One of the brochures prepared by Mr. Mermod and Dr. Erhardt states that "when booking Jolly Beach, you book directly with the hotel as tour operator." All of these materials were prepared with the permission and approval of Universal Caribbean. Both Dr. Erhardt and the hotel managers come to the United States occasionally, and, while here, they meet with Mr. Mermod and visit Limited's office. Furthermore, Limited has an employee at the resort to assist guests.
Limited prepares tour packages from hotel room rates given to it by Universal Caribbean. It puts a profit on the total package and collects these monies from various travel agents with whom it deals. It is then invoiced by the hotel for the rooms occupied by Limited's tour guests, and Limited pays those invoices by wire transfer of monies to the hotel's accounts in New York. Limited also handles guest complaints and credits for the resort. Although Limited does not have any written agreement to perform other services for Universal Caribbean, it occasionally arranges for special transportation of items to the hotel, special arrangements for guests, and special needs of the hotel when requested.
In the instant case, appellees attempted service on defendant Universal Caribbean under both sections 48.081(5) and 48.193(2), Florida Statutes (1987), the latter of which provides:
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of this state, whether or not the claim arises from that activity.
This section was added to the statute in 1984 to expand the jurisdiction of Florida courts to include a defendant engaged in substantial activities in Florida regardless of whether the claim arises from that activity, thus eliminating the "connexity" requirement. Windels, Marx, Davies and Ives v. Solitron Devices, Inc., 510 So.2d 1177 (Fla. 4th DCA 1987); American Motors Corp. v. Abrahantes, 474 So.2d 271 (Fla. 3d DCA 1985). Thus, with personal service having been accomplished, all that appellees are required to show in this case is that appellant, Universal Caribbean, was engaged in substantial and not isolated activity within this state.
The recitation of the foregoing facts, taken as a whole, shows that Universal Caribbean did engage in substantial activity in this state through Limited. See American Hoist and Derrick Co. v. Duran, 451 So.2d 895 (Fla. 3d DCA 1984); Richard Bertram & Co. v. American Marine Limited, 258 So.2d 335 (Fla. 1972); cf. Bradbery v. Frank L. Savage, Inc., 190 So.2d 183 (Fla. 4th DCA 1966). Thus, jurisdiction over Universal in Florida does not offend constitutional principles. See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
Because that service was made personally on the corporation and we find that section 48.193(2), Florida Statutes (1987), provides jurisdiction, it is unnecessary to consider whether service was proper on Universal Caribbean through Limited as business agent, under section 48.081(5), Florida Statutes (1987).
We therefore affirm the trial court's denial of defendant Universal's motion to dismiss for lack of personal jurisdiction.
DOWNEY and STONE, JJ., concur.