557 So.2d 83 (1990)
Reinhold SPANIER, Appellant,
v.
SUISSE-OUTREMER REEDEREI A.G., and Ecuadorian Line, Inc., Appellees.
No. 88-1825.
District Court of Appeal of Florida, Third District.
January 30, 1990.
Rehearing Denied March 23, 1990.
Brett Rivkind, Miami, for appellant.
Mitchell, Harris, Horr & Associates, David Horr and Jonathan W. Skipp, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
In this seaman's personal injury action which arose at sea and has no "connexity" to this state, the trial court held that the defendants' vessel's sporadic visits and other contacts with Florida did not constitute the "continuous and systematic" activity necessary to sustain a claim of personal jurisdiction under section 48.193(2), Florida Statutes (1985) (requiring "substantial and not isolated activity within this state"). We agree. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); Ranger Nationwide, Inc. v. Cook, 519 So.2d 1087 (Fla. 3d DCA 1988), review denied, 531 So.2d 167 (Fla. 1988). Compare Mitsubishi Shoji Kaisha v. MS Galini, 323 F. Supp. 79 (S.D.Tex. 1971) (sustaining Texas action arising in Texas); Hoodye v. Bruusgaard Krosterud Skibs A/S Drammen, Norway, 197 F. Supp. 697 (S.D.Tex. 1961) (same).
The other basis of asserted jurisdiction is likewise without merit.
Affirmed.