Mary Beth NOURY and Phillip Noury, her husband, Plaintiffs,

v.

VITEK MANUFACTURING COMPANY, INC., and Novamed, Inc., Defendants.

No. 89–2296–CIV.

United States District Court, S.D. Florida.

Feb. 1, 1990.

Cynthia A. Gelinas Rothman, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Miami, Fla., for defendants.

M. Jeffrey Speno, Coconut Grove, Fla., for plaintiffs.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS;

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court on defendants Vitek Manufacturing Company, Inc. and Novamed, Inc.'s motion to dismiss the complaint for want of personal jurisdiction. In addition, defendants have moved

to transfer this cause to a district where proper venue lies.

## I. MOTION TO DISMISS FOR WANT OF PERSONAL JURISDICTION

The Eleventh Circuit, just last year, definitively defined how a federal court must approach questions of *in personam* jurisdiction:

> To assert personal jurisdiction over a nonresident defendant, federal courts must engage in a two-part analysis. *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1521 (11th Cir.1985); *Ford Motor Co. v. Atwood Vacuum Machine Co.*, 392 So.2d 1305, 1308 (Fla.), *cert. denied*, 452 U.S. 901, 101 S.Ct. 3024, 69 L.Ed.2d 401 (1981). Courts first analyze the jurisdictional problem by looking at the applicable state long-arm statute. *Pesaplastic*, 750 F.2d at 1521. If this inquiry is satisfactorily answered, the court considers whether asserting jurisdiction offends the due process clause of the fourteenth amendment. *Id.* at 1521. Specifically, the court decides whether the nonresident defendant has such minimum contacts with Florida that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)).

*Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, 919 (11th Cir.1989). The court will apply the personal jurisdiction test as set down in *Proudfoot.*

First, the court must determine whether plaintiffs have satisfied the constraints of the Florida Long–Arm Statute, Florida Statutes § 48.193 (1989). Florida courts strictly construe their long-arm statute. *See Citizens State Bank v. Winters Government Securities, Inc.*, 361 So.2d 760, 762 (Fla.Ct.App.1978).

Plaintiffs allege that this court has jurisdiction under Florida Statutes § 48.193(2): "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." The nexus of this inquiry concerns whether defendants Vitek and Novamed have engaged in "substantial and not isolated activity."

Plaintiffs point to the aggregate of defendants' activity as satisfying § 48.193(2). Defendants have taken telephone orders from Florida since 1983, and have shipped directly to Florida in response to those orders. Defendants use solely this technique to sell their product nationwide. From November 1985 to October 1989, defendants sold $127,219.00 of Vitek Proplast Implants in Florida; defendants have not disclosed figures for sales prior to November 1985. In 1985, defendants' sales in Florida represented .9% of their worldwide sales in a company that admittedly does business on a nationwide and worldwide basis. Implants of Vitek Proplast have occurred in Florida: one physician alone has performed at least ten (10) of these implants. At least one hospital in Florida has regularly purchased defendants' product since at least October 1985. Defendants have advertised in national trade journals which circulate in Florida. Defendants knew of the nationwide reach of those journals, and presumably knew that those journals circulate in Florida (if defendants received telephone sales orders solicited by those journals, and if defendants conducted trade shows in Florida, they likely knew that their "nationwide" advertisement reached Florida). Defendants conducted regular educational and professional conferences and conventions in Florida. Defendants have attended at least seven (7) of these conferences in Florida in 1987, 1988 and 1989 (in addition, defendants have scheduled another conference in Florida for this month). At these conferences, defendants distributed brochures related to their products.

In light of the above facts, the court finds that defendants' activity in Florida satisfies § 48.193(2). In *Ranger Nationwide, Inc. v. Cook*, 519 So.2d 1087 (Fla.

Dist.Ct.App.), *review denied sub nom. Cook v. Dewline, Inc.*, 531 So.2d 167 (1988), the Florida Third District Court of Appeal held that to satisfy the substantialness requirement of § 48.193(2) defendants' contacts must be "continuous and systematic." In that case, isolated trucking trips to Florida did not meet that standard and therefore could not confer jurisdiction under § 48.193(2). Here, as evidenced above, defendants' contacts with Florida were several, continual, and lasted over a period of several years. *See Universal Caribbean Establishment v. Bard*, 543 So.2d 447 (Fla. Dist.Ct.App.1989). Although no one aspect of defendants' contacts with Florida is conclusive, taken together the facts reveal activity within the state over a period of years which was neither incidental nor insignificant. In sum, jurisdiction lies under the Florida Long–Arm Statute.[1]

■ Next, the court must assess whether the dictates of due process have been satisfied. Jurisdiction under the fourteenth amendment will lie if defendants "have certain 'minimum contacts' with [Florida] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). If defendants have contacts with Florida such that they "should reasonably anticipate being haled into court" here, then jurisdiction exists. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). This requirement is met if defendants " 'purposely directed' [their] activi-

ties at residents of the forum," *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), "and the litigation resulted from alleged injuries that 'arise out of or relate to' those activities." *Helicopteros Nactionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984).[2]

Applying these due process principles, the court concludes that it has jurisdiction over this suit. Defendants have conducted seven conventions in Florida over a three-year period in which they have distributed brochures of their product. This occurrence, when added to defendants' continued sales of their products in Florida, at least in part due to continued and conscious advertising of their product in Florida, conforms to the above-outlined due process test. Defendants argue that certain aspects of their contact with Florida do not satisfy jurisdictional criteria, however, defendants' conduct towards and connection with Florida, taken as a whole, does establish jurisdiction.

Therefore, since this suit satisfies the dictates of the Florida Long–Arm Statute as well as fourteenth amendment due process, the court has personal jurisdiction over defendants.

## II. MOTION TO TRANSFER FOR IMPROPER VENUE

■ Defendants additionally move to transfer this action to a district where they claim proper venue lies. Title 28 U.S.C. § 1391(a) ("Venue generally") allows civil actions founded on diversity to "be brought

---

1. Since jurisdiction exists pursuant to § 48.193(2), the court need not examine defendants' argument that Florida Statutes § 48.193(1)(f)2 is unconstitutional as applied to them.

2. While defendants cite *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) as supporting a lack of jurisdiction, that case does not apply to the instant scenario. In *Asahi*, a Japanese manufacturer sold its product to a company in Taiwan, which incorporated that product into its finished product, which it then sold in the United States. Under those circumstances, the Court held that to assert jurisdiction over the Japanese manufacturer would be unreasonable

where the plaintiff and the forum did not have significant interests in the forum's assertion of jurisdiction (see the procedural posture of the case). *Id.* The court notes that the *Asahi* Court agreed only on this limited conclusion, and that the Court split over any other conclusions drawn.

In the instant case, defendants directly took orders from persons situated in Florida and shipped directly to Florida in response to those orders. Defendants also attended conferences in Florida and distributed product brochures at those conferences. Thus, defendants' activities in this case bear no similarity to those of the Japanese corporation in *Asahi*.

only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." This action rests on diversity. Plaintiffs reside in Jacksonville, Duval County, in the Middle District of Florida. Defendants are Texas corporations which do the majority of their business in Florida in the Middle District. The initial injury occurred in Maine, and the continuing injury goes on in the Middle District of Florida, where plaintiffs reside. On behalf of venue in the Southern District, plaintiffs advance only that this district is most convenient for all concerned to reach because of the number of airline flights available from Texas, Maine, and Louisiana. To analyze this case under § 1391(a) counsels transfer.

In addition, the general provisions on venue also weigh in favor of transfer. Title 28 U.S.C. § 1404(a) allows this court to transfer a case "for the convenience of parties and witnesses, [and] in the interest of justice." The court may take into account six factors related to transfer under this section:

1. convenience of the parties;
2. convenience of the witnesses;
3. relative ease of access to sources of proof;
4. availability of process to compel the presence of unwilling witnesses;
5. the cost of obtaining the presence of witnesses;
6. the public interest.

See *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). It appears that it would be equally convenient for defendants to appear in either Maine or the Middle District of Florida. In addition, according to 28 U.S.C. § 1391(c) defendants are residents of the Middle District of Florida; they are subject to jurisdiction there and have their most significant contacts with that district. Plaintiffs reside in the Middle District of Florida, therefore presumably that district would be most convenient for them (they do not argue otherwise). As to witnesses, the only as-yet named witness, plaintiffs'

current doctor, resides in the Middle District. Because of the dearth of information in the pleadings, the court cannot fully assess the remaining factors. From the court's cursory knowledge of the case, however, it hazards that these factors are not decisive against venue in the Middle District of Florida.

Title 28 U.S.C. §§ 1391(a) and (c) and 1404(a) lead the court to conclude that venue lies outside the Southern District of Florida. Plaintiffs' actual, and defendants' constructive, residence in the Middle District, as well as both parties' complete lack of connection with Maine, militate in favor of venue in the Middle District. Defendants do not object to venue in the Middle District of Florida. The court shall transfer this case to the Middle District of Florida, Jacksonville Division.

Accordingly, after careful consideration, the court

ORDERS and ADJUDGES that defendants' motion for leave to file reply to plaintiffs' supplemental memorandum is MOOT since this court's order of November 29, 1989 specifically allowed defendants to file such a reply. (The court has considered the reply filed by defendants in resolving these motions.) The court further

ORDERS and ADJUDGES that defendants' motion to dismiss the complaint for want of personal jurisdiction is hereby DENIED. The court further

ORDERS and ADJUDGES that defendants' motion to transfer to a district where proper venue lies is hereby GRANTED. The Clerk of this Court is hereby directed to forthwith TRANSMIT this case and all the records pertaining thereto to the Clerk of Court of the Middle District of Florida.

DONE and ORDERED.