610 So.2d 1339 (1992)
Julie PRICE, Personal Representative of the Estate of William L. Price, Deceased, and Julie Price, Individually, Appellant,
v.
POINT MARINE, INC. Appellee.
No. 91-4075.
District Court of Appeal of Florida, First District.
December 29, 1992.
*1340 Clark Fletcher, Panama City, for appellant.
Scott R. Nabors of Hutto, Nabors, Bodiford and Warner, Panama City, for appellee.
WOLF, Judge.
Julie Price appeals the trial court's final order granting the defendant's motion to dismiss for lack of personal jurisdiction. Appellant raises two points on appeal: (1) Whether the trial court properly held that the plaintiff did not satisfy the requirement of Florida's Long-Arm Statute, and (2) whether the trial court erred in failing to grant appellant's motion for a continuance to allow appellant time to conduct further discovery. We find that the trial court ruled correctly in granting the defendant's motion to dismiss for lack of personal jurisdiction, and it did not abuse its discretion in denying the request for continuance.
The appellee is a Louisiana corporation having its principal place of business in Morgan City, Louisiana. The decedent, appellant's husband, was employed by the appellee from December 16, 1987, to November of 1988. On or about April 1, 1988, the decedent was injured aboard the appellee's ship, MM/V Point Liberty, off the coast of Texas. He subsequently died in Florida as a result of those injuries. Appellant asserts that the appellee failed to provide the deceased proper safety equipment while he was performing work on a mooring buoy, and the deceased sustained injuries which ultimately led to his death.
On November 1, 1990, appellant, the surviving spouse of the deceased, filed a three-count complaint seeking damages for personal injuries sustained by her husband. The appellant later amended her complaint by adding a count for wrongful death. On April 2, 1991, the appellee moved to dismiss the complaint for lack of personal jurisdiction. The hearing was set for June 10, 1991. The hearing was continued twice, once at appellant's request. On August 2, 1991, some ten months after filing the original complaint and four months after the motion to dismiss was filed, appellant set appellee's deposition. The deposition was taken on August 6, 1991. No other discovery was initiated by appellant. The appellant orally asked for a continuance at the *1341 hearing on August 12, 1991. The court declined to further continue the hearing. At the hearing, the court considered the affidavit of Terry Jett, vice president and chief operating officer of appellee; the deposition of the designee of appellee, Vicki Herbert, Mr. Jett's administrative assistant; and the appellee's brief in support of its motion. On August 19, 1991, the appellant's counsel filed his own affidavit in opposition to the appellee's motion. The appellee admits on appeal that it is not known whether the trial judge took the appellant's affidavit into account in ruling on the motion. On September 9, 1991, the trial judge entered an order granting the appellee's motion to dismiss for lack of personal jurisdiction. The appellant later moved for a rehearing; however, the trial judge denied the motion.
The evidence presented to the trial court at the hearing reveals that appellee does not maintain any offices in the state of Florida, nor has it been licensed to do business in Florida. The appellee has no employees working in the state, and it has no real property in Florida. The only contacts were occasional solicitation of business and three incidents of appellee's presence in the state. The appellee has solicited business in the state on 13 occasions since March 1988, when the appellee sent letters to prospective clients who were in the market for the kinds of services the appellee provides. There is no indication that any solicitation was accepted nor that the appellee formally bid on any contract. The three incidents where appellee had some presence in the state were (1) six years ago, when a boat owned by the appellee worked out of Panama City for approximately five months as a supply boat for supporting offshore operations in the Gulf of Mexico; (2) when a boat belonging to appellee which was destined for the Bahamas in March of 1989 anchored in Palm Beach for five days to load and unload; and (3) one day in April of 1986, when a boat owned by the appellee was used in loading a small boat at the Atlantic Marine Dock of Jacksonville. No other contacts between appellee and the state of Florida were shown.
In determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined whether the appellee's conduct brings it within the language of the long-arm statute. Then it must be determined whether sufficient "minimum contacts are demonstrated to satisfy due process requirements." Arguetta v. Suzuki Motor Co., 609 So.2d 635 (Fla. 3d DCA 1992); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989). We determine that the long-arm statute has not been complied with and, thus, it is unnecessary for us to reach the second issue.
The appellant asserts that long-arm jurisdiction may be asserted under either of two statutory long-arm provisions, sections 48.193(2) and 48.193(1)(f), Florida Statutes (1991).
Section 48.193(2) provides,
A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
Sporadic activities or visits will not constitute "substantial and not isolated activity." Spanier v. Suisse-Outremer Reederei, 557 So.2d 83 (Fla. 3d DCA 1990); Ranger Nationwide, Inc. v. Cook 519 So.2d 1087 (Fla.3d DCA 1988), rev. denied, 531 So.2d 167 (Fla. 1988).
Appellant asserts that the three incidents of appellee's ships operating in Florida and the mailing of the solicitation letters constitute substantial and not isolated activities. In a remarkably similar case involving a seaman's personal injury accident occurring at sea, the Third District Court of Appeal held that sporadic visits to Florida by the defendant's vessels did not constitute the "continued and systematic activity necessary to sustain a claim of personal jurisdiction under section 48.193(2), Florida Statutes." Spanier, supra at 83. We are in agreement with the third district's decision. While the supply operation in Panama City could be considered to be more than a visit, it constituted a single incident which occurred over six years ago.
*1342 In addition, while a continued solicitation and procurement of business may constitute substantial and not isolated activity, appellant has not demonstrated a continual solicitation nor procurement of any business within Florida. Cf. Universal Caribbean Establishment v. Bard, 543 So.2d 447 (Fla. 1st DCA 1989). The record before us demonstrates that appellee only sought business in Florida in a haphazard and sporadic manner. Appellee, on infrequent occasions, contacted prospective clients after having learned (through the industry "grapevine") that the clients were in the market for the kind of shipping services provided by appellee, or appellee responded to invitations to bid which it had not solicited. Absent a continued and sustained effort to procure business, or actual procurement of business, these activities are insufficient to constitute substantial activities within the state of Florida.
Section 48.193(1)(f) is the other statutory provision relied on by the appellant to assert that the trial court had personal jurisdiction over appellee. This section states that long-arm jurisdiction may be asserted as a result of the following acts:
Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
1. The defendant was engaged in solicitation or service activities within this state; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
In Aetna Life and Casualty Co. v. Thermo-O-Disk, Inc., 488 So.2d 83 (Fla. 1st DCA 1986), affirmed, 511 So.2d 992, the court stated that this subsection is designed to control situations in which acts or omissions committed outside the state (usually manufacturing) cause injury to Florida residents located within the state at the time of the injury. This section is not applicable to situations in which persons outside the state are injured by acts or omissions which occur outside the state. While the seaman died in Florida, the physical injury occurred outside the state. Appellant's reliance on this section is, thus, unavailing.
The decision to deny the plaintiff's motion to continue the hearing was well within the sound discretion of the trial court under the circumstances of this case. The record demonstrates that the appellant had more than enough time to obtain all the materials necessary to defend against the motion: Appellant was aware of the jurisdictional challenge at least four months prior to the hearing; the hearing had been continued twice before, once at the request of appellant; no depositions were taken until six days before the hearing; there was no indication that any person had more information concerning the company's activities than the CEO and his administrative assistant, and discovery had been obtained from both of these parties. There was no abuse of discretion by the trial court which would mandate reversal. The decision of the trial court is affirmed.
SMITH and WIGGINTON, JJ., concur.