633 So.2d 1173 (1994)
Beverly MORLEY, Appellant,
v.
LADY ALLISON, INC., Appellee.
No. 93-1849.
District Court of Appeal of Florida, Third District.
March 22, 1994.
*1174 Perse & Ginsberg and Arnold Ginsberg; Paul J. Ansel, Miami, for appellant.
Badiak, Will & Kallen and John Kallen, North Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
SCHWARTZ, Chief Judge.
On January 2, 1991, Beverly Morley, a Jones Act seaperson and member of the crew of the pleasure yacht M/V Lady Allison, was injured in a maritime accident on board the vessel while it was docked in the Virgin Islands. She sued the owner of the yacht, Lady Allison, Inc., a Delaware corporation which maintains its business office and bank account in New Jersey and New York respectively, in the Dade County Circuit Court. She now appeals from an order dismissing the case for lack of personal jurisdiction, entered on the ground that the substituted service she secured under section 48.193(2), Florida Statutes (1991) was unjustified. We reverse on the holding that the defendant has "engaged in substantial and not isolated activity within the state" so as to sustain jurisdiction under that statute.
The sole purpose of the defendant corporation is to own and operate the yacht; the sole purpose of the yacht, in turn, is to provide pleasure voyages for guests of Lady Allison, Inc.'s parent corporation, Hartz Mountain Industries, Inc., the pet food company. The corporation took possession of the vessel in February 1990 in Fort Lauderdale. Since that time, Miami has been the location from which each cruise begins and at which it ends. For approximately three months of each year, the vessel is refitted and repaired at its only yard in the United States, Merrill-Stevens in Miami. Up to the time of the plaintiff's accident, the corporation had expended approximately $400,000 in Florida for maintenance and repairs, $50,000 for fuel, which it purchased through a Miami concern, and $45,000 for other necessities. In addition, the corporation hired most, if not all of its crew, including the plaintiff, here.
Section 48.193(2), Florida Statutes (1991) provides:
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
We have stated that these provisions require that the activities of the foreign corporation in our state be "continuous and systematic." Ranger Nationwide, Inc. v. Cook, 519 So.2d 1087, 1089 (Fla. 3d DCA 1988), review denied, 531 So.2d 167 (Fla. 1988). In our view, it would be difficult to imagine a situation in which that is more obviously the case. Indeed, the activities of the corporation involve Florida almost to the exclusion of any other jurisdiction. Hence, the service obtained below was both statutorily and constitutionally justified. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); Noury v. Vitek Mfg. Co., 730 F. Supp. 1573 (S.D.Fla. 1990); Universal Caribbean Establishment v. Bard, 543 So.2d 447 (Fla. 4th DCA 1989). In contrast, the cases relied upon by the appellee, Price v. Point Marine, Inc., 610 So.2d 1339 (Fla. 1st DCA 1992), Spanier v. Suisse-Outremer Reederei A.G., 557 So.2d 83 (Fla. 3d DCA 1990), and Ranger, each of which involves sporadic or isolated visits of a *1175 vessel or vehicle to Florida, are plainly impertinent. Cf. also American Overseas Marine Corp. v. Patterson, 632 So.2d 1124 (Fla. 1st DCA 1994).
Reversed.