PER CURIAM.
This cause is on appeal from the trial court’s order denying Appellant’s motion to dismiss for lack of personal jurisdiction. Ap-pellee, a merchant marine, filed suit against Appellant, a foreign shipowner, for failure to provide maintenance and cure following an injury Appellee sustained at sea while working on Appellant’s ship. The trial court ruled that it had “specific” personal jurisdiction over Appellant.
Appellant argues that its contacts with Florida are insufficient to establish specific personal jurisdiction. We agree and hold that Appellant’s contacts with Florida, i.e., port stops at the direction of the ship’s charterer, engaging husbanding agents, soliciting Florida employees through a nonresident union, telephoning Appellant when he was in Florida, and maintenance of an escrow account in order to ship pollutants in the jurisdiction, do not satisfy the requirements for specific personal jurisdiction. American Overseas Marine Corp. v. Patterson, 632 So.2d 1124, 1127 (Fla. 1st DCA), rev. denied, 641 So.2d 1346 (Fla.1994); Price v. Point Marine, Inc., 610 So.2d 1339 (Fla. 1st DCA 1992); Spanier v. Suisse-Outremer Reederei A.G., 557 So.2d 83 (Fla. 3d DCA 1990). Ap *1273 pellant’s activities do not satisfy the “connexity” or “causal connection” requirement of specific personal jurisdiction because Appel-lee’s suit does not arise out of or relate to Appellant’s contacts with Florida. American Overseas, supra, at 1127 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984)); R.F. Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977)(“[T]he relationship among the defendant, the forum, and the litigation ... [is] the central concern of the inquiry into personal jurisdiction.”). This conclusion is supported by the instant trial court’s failure to identify a causal connection that would support specific jurisdiction. Accordingly, the trial court’s order is REVERSED and the case is REMANDED for dismissal.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.