[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-11491
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 10, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-00309-CV-J-32-MMH

BARBARA BOND,

Plaintiff-Appellant,

versus

IVY TECH STATE COLLEGE,

Defendant-Appellee.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

-----------------------------------------------------------------

**(February 10, 2006)**

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Barbara Bond, proceeding *pro se*, appeals from a district court order dismissing her civil suit for lack of personal jurisdiction and further denying her motion to transfer the case. No reversible error has been shown; we affirm.

Plaintiff brought suit in the Middle District of Florida against Ivy Tech State College, a state-supported community college in Indiana and Plaintiff's former employer. Plaintiff alleged that Ivy Tech breached the terms of a settlement agreement struck between the parties to sever Plaintiff's employment. Plaintiff, who was domiciled in Florida at the time she sued, claimed the Florida district court had diversity jurisdiction under 28 U.S.C. § 1332. The district court, however, dismissed the suit for lack of personal jurisdiction over Ivy State pursuant to Fed. R. Civ. P. 12(b)(2).

In dismissing Plaintiff's suit, the court credited Ivy Tech's assertions that it did not engage in business, recruit students, maintain an office, or cause an injury in Florida under the meaning of Florida's long-arm statute. Ivy Tech's campuses are confined to Indiana, and its student population is made up almost entirely of Indiana residents.[1] And even accepting Plaintiff's allegations as true, the court

---

[1] 98 percent of students at Ivy Tech are Indiana residents. Of the remaining two percent, most are from states that border Indiana.

rejected her assertions that Ivy Tech had sufficient contacts with Florida through mailing a limited number of student admissions packets to Florida residents, maintaining a website, and offering distance learning courses over the Internet.

We review the district court's dismissal for lack of personal jurisdiction *de novo* and construe all reasonable inferences in favor of the plaintiff. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002). To determine whether the Florida district court had personal jurisdiction over non-resident Ivy Tech, we use a two-part analysis: 1) whether Florida's long-arm statute provides a basis for jurisdiction, and, if it does, 2) whether Ivy Tech had sufficient minimum contacts with Florida such that satisfy the Fourteenth Amendment Due Process Clause's notions of fair play and substantial justice. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). Under Florida law, the plaintiff bears the burden of proving personal jurisdiction. Id. Even construing Plaintiff's pleadings leniently,[2] the district court correctly decided that personal jurisdiction over Ivy Tech is not proper under the Florida long-arm statute and would violate Due Process.

---

[2]Parties proceeding *pro se* are entitled to leniency in pleading. GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

As best we can tell, Plaintiff's pleadings indicate that she believes jurisdiction rests on Fla. Stat. §§ 48.193(1)(f), (1)(g), and (2) (Florida's long-arm statute). Section 48.193(1)(f) provides, in relevant part, jurisdiction over any person "causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state," if the defendant "was engaged in solicitation or service activities" within Florida. Florida's Supreme Court has held that "the provisions of section 48.193(1)(f) contemplate personal injury or physical property damage;" mere economic injury is insufficient to subject a non-resident defendant to personal jurisdiction in Florida under this section. Aetna Life & Cas. Co. v. Therm-O-Disc, Inc., 511 So. 2d 992, 994 (Fla. 1997). Because she does not allege personal injury or property damage, jurisdiction is not available under section 48.193(1)(f).

Section 48.193(1)(g) provides jurisdiction over any person "breaching a contract in this state by failing to perform acts required by the contract to be performed in this state." We have written that this section "means that there must exist a duty to perform an act *in Florida*; a contractual duty to tender performance to a Florida resident is not in itself sufficient to satisfy the statute." Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1218 (11th Cir. 1999). See also Travel Opportunities of Fort Lauderdale, Inc. v. Walter Karl List Mgmt., Inc., 726 So. 2d

4

313, 314 (Fla. Dist. Ct. App. 1998) ("[I]t is not enough that a foreign defendant merely contract with a Florida resident. Rather, the contract itself must require performance in Florida."). The settlement agreement at issue here does not require Ivy Tech to perform acts in Florida.

Section 48.193(2) provides jurisdiction over any defendant "who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise...[and] whether or not the claim arises from that activity." Plaintiff points to Ivy Tech's website and online class offerings and some evidence that the school sent admissions packets to prospective students in Florida as supporting jurisdiction under this section. Florida courts have held that jurisdiction is proper under this section only when the nonresident defendant actually procures business in Florida or solicits business through continued or sustained efforts; solicitation in a "haphazard and sporadic manner" does not confer jurisdiction. Price v. Point Marine, Inc., 610 So. 2d 1339, 1341 (Fla. Dist. Ct. App. 1992).

Plaintiff has made only bare allegations that she has personal knowledge that application packets were mailed to Florida residents, but she failed to provide details about the contacts. Ivy Tech's uncontroverted evidence shows that 98 percent of its students are from Indiana and that the majority of the remaining

students are from bordering states. Even construing all reasonable inferences in Plaintiff's favor, nothing evidences a continuous or sustained effort to solicit students from Florida.

Never has this Court addressed the question of whether the mere existence of a website that is visible in a forum, by itself, confers jurisdiction over the site's owner. Other circuits, however, have found this circumstance insufficient to confer jurisdiction. See, e.g., McBee v. Delica Co., Ltd., 417 F.3d 107, 124 (1st Cir 2005) ("The mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible. . . ."); Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1281 (Fed. Cir. 2005) ("[T]he ability of District residents to access the defendants' websites...does not by itself show any persistent course of conduct by the defendants in the District.") (citation omitted).

In Revell v. Lidov, 317 F.3d 467, 470-71 (5th Cir. 2002), the Fifth Circuit concluded held that a nonresident university's website, which allowed users to subscribe to a journalism review, purchase advertising, and submit electronic admissions applications, did not subject the university to jurisdiction in Texas when the university did not receive more than twenty internet subscriptions from Texas residents. The Fifth Circuit concluded that though "a website is, in a sense,

6

a continuous presence everywhere in the world," the defendant's contacts were "not in any way 'substantial.'" Id. at 471. Ivy Tech's limited contact with Florida via its website was similarly insubstantial.[3]

Plaintiff also argues on appeal that the interests of justice required the court to transfer her case to a district court in Indiana once it found that Florida was not the proper forum. 28 U.S.C. § 1631 states that "[w]henever a civil action is filed in a court...and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." The district court refrained from transferring the case to another forum, and we review its refusal to transfer for an abuse of discretion. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 255 (11th Cir. 1996).

We cannot say that the district court abused its discretion by not transferring this case to Indiana. Plaintiff has failed to present evidence or allege that she could not refile the case in Indiana. The evidence further indicates that Plaintiff knew Indiana was the proper forum when she filed suit in Florida. She filed two motions in the Northern District of Indiana related to her settlement agreement.

---

[3]Because we conclude that the Florida long-arm statute does not provide a basis for personal jurisdiction, the constitutional analysis is unnecessary. Homeway Furniture Co. of Mount Airy, Inc. v. Horne, 822 So.2d 533, 536 (Fla. Dist. Ct. App. 2002).

Only when those motions were denied did she file her case in Florida. On this record we cannot conclude that the district court abused its discretion when it concluded that Plaintiff's actions "do not show the good faith that would dictate a transfer in the 'interest of justice.'"

For the foregoing reasons we affirm the district court's dismissal of Plaintiff's civil action and refusal to transfer her claims.

AFFIRMED.