591 So.2d 207 (1991)
CORE INDUSTRIES, INC. and Cherokee International, Inc., Appellants,
v.
Nereo F. AGOSTINELLI, Appellee.
No. 90-2905.
District Court of Appeal of Florida, Fourth District.
May 8, 1991.
Rehearing and Rehearing Denied July 3, 1991.
*208 Steven L. Schwarzberg and James B. Putney of Honigman, Miller, Schwartz and Cohn, West Palm Beach, for appellants.
Rebecca J. Covey of Rebecca J. Covey, P.A., and Diane H. Tutt of Diane H. Tutt, P.A., Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied July 3, 1991.
PER CURIAM.
The appellants, Core Industries, Inc. (Core) and Cherokee International, Inc. (Cherokee), seek reversal of the trial court's orders denying their motion to dismiss (quash) for lack of personal jurisdiction and their request for an evidentiary hearing on the jurisdictional issue. We affirm.
Contrary to the appellants' contention, the amended complaint filed by Nereo Agostinelli (Agostinelli) contains sufficient "long-arm" jurisdictional allegations to establish in personam jurisdiction over Core and Cherokee. By alleging § 48.181(3) and § 48.193(1)(a), Fla. Stat. (1989), inter alia, Agostinelli's amended complaint can be construed as putting the defendant Cherokee on notice that Agostinelli is alleging that Cherokee's activities in Florida are substantial and not isolated so as to satisfy the connexity requirement with regard to pleading § 48.193(1)(a), Fla. Stat. (1989). Since we conclude that the affidavit in opposition filed by Cherokee does not sufficiently contravene the jurisdictional allegations contained in the amended complaint, the trial court correctly denied the motion to dismiss (quash) for lack of personal jurisdiction. Furthermore, because the affidavit filed by Cherokee did not sufficiently controvert the jurisdictional allegations of the amended complaint so as to create factual issues requiring an evidentiary hearing, the trial court did not err in failing to conduct such a hearing. See, Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989) (in cases where affidavits cannot be reconciled the trial court will have to hold a limited evidentiary hearing).
Because Core neither denies the allegation that it is registered to do business and has appointed a statutory resident agent in Florida nor raises any "minimum contacts" issue, Core is properly subject to this suit in Florida. Thus, the trial court did not err with regard to Core.
We conclude the amended complaint contains "long-arm" jurisdictional allegations, uncontroverted by defendant's affidavit, which establish that Cherokee had sufficient "minimum contacts" with Florida to *209 satisfy the tests of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and World-Wide Volkswagen v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
AFFIRMED.
GUNTHER and STONE, JJ., concur.
FARMER, J., dissents with opinion.
FARMER, Judge, dissenting with opinion.
The facts surrounding a non-resident defendant's connection with Florida usually determine whether a trial court has personal jurisdiction over him. For that reason, motions testing such assertions of jurisdiction are speaking motions. It follows also that the hearings on these motions are, quite literally, trials on the jurisdictional issue.
One asserting "long-arm" jurisdiction must allege the specific statutory basis for suing the defendant in Florida. Fla. R.Civ.P. 1.070(i). A defendant may then defeat the assertion of jurisdiction by proving facts inconsistent with or contrary to the statutory basis. The proper vehicle is a motion to quash process or abate insufficient process, but in practice it is most often  inartfully  done as a motion to dismiss. The trial judge must then decide what the jurisdictional issues and facts are.
In this case, plaintiff sued his former employer, Cherokee, and its corporate parent, Core, for damages from the termination of his employment. He was employed under a written contract with Cherokee to run a subsidiary corporation in Mexico. The contract does not require any performance in or even mention Florida, but it does say that it is governed by and should be interpreted under California law. It may have been signed by plaintiff in Florida; salary may have been sent to plaintiff in Florida; and the initial notice of termination was mailed to plaintiff in Florida  facts all largely irrelevant to the issue on jurisdiction actually raised.
The pleading alleges[1] jurisdiction under section 48.193(1)(a),[2] Fla. Stat. (1989), by tracking the language of the statute. There is no allegation, however, that Cherokee's activities in Florida are substantial and not isolated. The activities in Florida actually alleged in the pleading could be substantial or insubstantial, and could be isolated or frequent and continuous.
Both defendants moved to dismiss. They furnished an affidavit which negated any connexity between the claim sued upon and defendants' Florida activities. They also asked the trial court for an evidentiary hearing on the jurisdictional issues. The court denied both their motion and the request for an evidentiary hearing.
*210 On appeal defendants argue that without a connection between their in-state activities and the claim in suit, Florida lacks jurisdiction over them under § 48.193(1)(a). In response, plaintiff argues that their activities in Florida were substantial and not isolated; therefore § 48.193(2) relieves him of the connexity requirement. Because Core was subject to suit by virtue of its registration to do business and its resulting appointment of a resident agent in Florida, the only issue presented is whether Cherokee could be sued here.
There can be no question that § 48.193(1)(a) requires a showing of a connection between plaintiff's claim and a defendant's Florida activities.[3] If that were not so, subsection (2) of § 48.193 would be superfluous, a conclusion we are not permitted to indulge about statutes.
Plaintiff's specific allegations of Cherokee's Florida activities are capable of being construed either as substantial and not isolated, or as insubstantial and isolated. Thus it was not necessary for Cherokee's affidavit initially to create a factual issue on the connexity requirement.[4] If plaintiff thus sought to rely on subsection (2) at the hearing on the motion to dismiss, his pleading allegations were insufficient to give Cherokee fair notice of that reliance. Without notice that connexity was allegedly waived because of the character of the Florida activities, Cherokee was denied the opportunity to challenge the factual basis for the waiver of connexity by including in its affidavit pertinent facts on that issue.[5]
I would reverse and remand for the entry of an order granting the motion without prejudice to plaintiff repleading his precise statutory basis for jurisdiction and defendant Cherokee then challenging, if it be so advised, the specific bases alleged. I would also instruct the trial court to withhold any decision on appellate attorneys' fees until final judgment and then ascertain whether Florida or California Law controls that issue. If attorneys' fees are then allowable under the applicable law and Cherokee is entitled to such fees under that applicable law, then the trial court should determine the amount of its appellate attorneys' fees for this appeal.

UPON MOTIONS FOR REHEARING AND REHEARING EN BANC
PER CURIAM.
DENIED.
GUNTHER and STONE, JJ., concur.
FARMER, J., concurring and dissenting with opinion.
FARMER, Judge, concurring and dissenting on rehearing.
For the reasons expressed in my dissenting opinion on the merits, I dissent from the court's denial of rehearing. I join, however, in the court's decision to deny rehearing en banc or to certify any questions to the supreme court.
Cherokee's post decision motions and papers require a procedural observation. It filed three motions after our decision was announced: (1) a motion for rehearing, (2) a motion for rehearing en banc, and (3) a motion for certification. Appellee timely filed responses to these motions. Then, without authorization, Cherokee filed a "reply" to the responses to the motion for rehearing and then a "reply" to the response to the motion for rehearing en banc.
*211 In the first place, rule 9.330 does not allow a party who moves for rehearing to "reply" to the opposing party's response. The obvious reason is that no argument, as such, is permitted in the motion itself, so none should be allowed after the opponent of rehearing has responded. We should, therefore, routinely dismiss such replies or (better still) not even accept them for filing, much less read them.
It is also not obvious to me why lawyers insist on fragmenting their rule 9.330 and 9.331 motions into separate documents. All of a party's post decision motions can quite properly be joined in a single document, with everyone benefiting. The lawyer and the secretary may then have fewer papers to prepare, the judges may then have fewer to read, the clerk fewer to file, and the clients less to pay for. And, not without some importance, perhaps at least one tree can be left standing at its place in the forest as a consequence of the paper thereby saved.
NOTES
[1] Actually, the amended complaint has two separate paragraphs which could arguably be jurisdictional allegations. In paragraph 3, plaintiff alleges: "This action is properly brought in the Circuit County [sic] of the 17th Judicial Circuit in and for Broward County, Florida, pursuant to Fla. Statute § 48.181(3)." Later he alleges in paragraph 11: "Pursuant to Florida Long Arm Statute § 48.193(a), Florida has personal jurisdiction over CHEROKEE INTERNATIONAL, INC. as a result of [its] operating, conducting, engaging or carrying on a business or business venture in this State or having an office or agency in this State." This sentence is followed by a description of several activities which are alleged to constitute conducting business.

Even if I were able to read paragraph 3 as a jurisdictional allegation within rule 1.070(i), I would find it insufficient to put defendant Cherokee on notice that its activities in Florida were being alleged to be substantial and not isolated so as to extinguish the connexity requirement under § 48.193(2).
[2] The allegations of doing business by certain described activities in Florida in paragraph 11 of the pleading name only Cherokee. Core is alleged to have registered to do business in Florida and appointed a statutory resident agent here. In White v. Pepsico Inc., 568 So.2d 886 (Fla. 1990), our state supreme court expressly upheld jurisdiction on identical facts but disclaimed reaching the issue whether mere registration and appointment of a resident agent in and of themselves satisfy the minimum contacts requirement of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Similarly in this case, Core has not raised any minimum contacts issue arising from its mere registration and appointment of a resident agent, thereby waiving any due process argument that it might have had. Hence Core is properly subject to this suit in Florida.
[3] The opening part of subsection (1) of § 48.193 expressly says "for any cause of action arising from the doing of any of the following acts * * *."
[4] Long-arm statutes and assertions of jurisdiction under them must be strictly construed in favor of the non-resident defendant. Cosmopolitan Health Spa Inc., v. Health Industries Inc., 362 So.2d 367 (Fla. 4th DCA 1978). Strict construction means that, where the allegations of jurisdictional facts are capable of being construed both for and against jurisdiction, the trial court must as a matter of law construe them against jurisdiction.
[5] On appeal, plaintiff also argues that jurisdiction exists under § 48.193(1)(g) ("breaching a contract in this state by failing to perform acts required by the contract to be performed in this state"). Aside from the fact that this subsection was not alleged in his pleading, the employment contract attached to the pleading does not require any performance in Florida. Subsection (1)(g) jurisdiction is thus clearly lacking.