---

Jonathan Cohen, Dario A. Perez, Shutts & Bowen, Miami, FL, for Plaintiff.

Lewis F. Murphy, Joseph F. Dearing, Steel Hector & Davis, Miami, FL, for Defendant.

**SOFRAR, S.A., Plaintiff,**

v.

**GRAHAM ENGINEERING CORPORATION,**
**Defendant.**

**No. 98–2023–CIV.**

United States District Court,
S.D. Florida.

Feb. 5, 1999.

### ORDER OF DISMISSAL

HOEVELER, Senior District Judge.

THIS CAUSE comes before the court upon Defendant's Motion to Dismiss, Plaintiff's Motion for Limited Discovery in Aid of Jurisdiction and Request for Evidentiary Hearing, and Defendant's Motion for Transfer of Venue.

The facts of this breach of contract/unjust enrichment case indicate that the only viable allegation that the Plaintiff raises in support of jurisdiction here is that this Court has general personal jurisdiction over Graham by virtue of the fact that Graham is registered to do business in Florida and has appointed a registered agent. Plaintiff alleges that this renders Defendant subject to the personal jurisdiction of this Court under Fla. Stat.

---

§ 48.193(2), Florida's long-arm statute, which reads in relevant part:

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Plaintiff states that since Defendant simply registered to transact business within Florida, all requirements of jurisdiction have been met and it need not allege any facts further. Plaintiff cites *White v. Pepsico, Inc.*, 568 So.2d 886 (Fla.1990) for this proposition. It is true that in this case, the court found jurisdiction based upon service on Pepsico's registered agent in Florida. However, as Defendants correctly point out, there was absolutely no discussion of "minimum contacts," either because Pepsico did not contest this issue, or because the court simply assumed that a company such as Pepsico had minimum contacts with the State of Florida. The *Pepsico* case, rather, was about the opposing positions taken on the issue of a connection between the cause of action and Pepsico's in-state activities, and not about due process considerations.

More supportive of Plaintiff's position are several lower state court decisions. For example, the court in *Ranger Nationwide, Inc. v. Cook*, 519 So.2d 1087, 1088 (Fla. 3d DCA 1988) stated that, "[i]t is well settled that a foreign corporation which voluntarily registers and qualifies to do business in Florida is subject to the process of our courts...." In another case, the court agreed with the plaintiff who suggested that since service was made on defendant's registered agent in Florida, no other basis for jurisdiction was required, and minimum contacts were assumed without any inquiry. *Rose's Stores, Inc. v. Cherry*, 526 So.2d 749, 750, 752 (Fla. 5th DCA 1988). The *Ranger* case, like *Pepsico*, made no mention of minimum contacts, and the *Cherry* court's presumption that no minimum contacts analysis need be conducted if there is mere registration does not hold up in light of later precedent.

If these lower state court cases actually stand for or can be interpreted as standing for the idea that registration to do business in Florida by a defendant is enough in and of itself to find personal jurisdiction over such a defendant, they are in conflict with Supreme Court precedent and also later Florida Supreme Court precedent.

The Florida Supreme Court in *Venetian Salami Co. v. J.S. Parthenais*, 554 So.2d 499 (Fla.1989) held that Fla. Stat. § 48.193, Florida's long arm statute and the section under which personal jurisdiction is asserted here, did not have built within it the requisite minimum contacts analysis. *See id.* at 500. The Court specifically stated that "[b]y enacting section 48.193, the legislature has determined the requisite basis for obtaining jurisdiction over nonresident defendants as far as Florida is concerned. *It has not specifically addressed whether the federal constitutional requirement of minimum contacts has been met.*" *See id. Emphasis added.*

Thus, a two-step inquiry must be undertaken pursuant to the authority of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). First, the action must come within the ambit of the long arm statute. Second, the court must determine whether sufficient minimum contacts exist between Florida and the defendant to satisfy due process concerns. *Venetian Salami*, 554 So.2d at 502; *accord, Doe v. Thompson*, 620 So.2d 1004, 1005 (Fla.1993). The court that decided *Cherry* has now incorporated this maxim. *See Hobbs v. Don Mealey Chevrolet, Inc.*, 642 So.2d 1149, 1152 (Fla. 5th DCA 1994).

State court cases following *Venetian Salami* have been careful to note that the minimum contacts analysis is a necessary step in the jurisdictional analysis. The courts have also been careful not to assume the existence of minimum contacts under any set of circumstances, unless of course a defendant does not raise the issue, in which case an assumption can be made that the defendant has such contacts with the forum. *See Core Industries, Inc. v. Agostinelli*, 591 So.2d 207, 208 (Fla. 4 DCA 1991) (since Core was registered to do business in Florida and did not

contest minimum contacts, it was subject to suit in Florida).[1] Defendant has certainly contested the existence of minimum contacts here.

Several courts from other jurisdictions have also found that personal jurisdiction over a corporate defendant cannot be found on the basis of a defendant's registration to do business in the state and designation of a corporate agent alone. The Fifth Circuit has been consistent in finding that the appointment of an agent for process and registration to do business does not suffice to satisfy the criteria for the exercise of general jurisdiction. *Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir.1992). The court stated,

> To assert, as plaintiffs do, that mere service on a corporate agent automatically confers general jurisdiction displays a fundamental misconception of corporate jurisdictional principles. This concept is directly contrary to the historical rationale of *International Shoe* and subsequent Supreme Court decisions....A registered agent ... hardly amounts to the "general business presence" of a corporation so as to sustain an assertion of general jurisdiction.

*Id.* at 183.

Another reason for the finding that personal jurisdiction is lacking over Defendants here comes from the literal words of § 48.193(2) in that registration alone, as here, could not reasonably be seen as the "substantial and not isolated activity" required under the statute. Several courts have stated that § 48.193(2) requires "continued and systematic activity" within Florida, such as a "continued solicitation and procurement of business." *Hobbs v. Don Mealey Chevrolet, Inc.*, 642 So.2d 1149, 1152 (Fla. 5th DCA 1994) (fact that defendant had a certificate of authority to transact insurance in Florida and had issued one insurance policy to a Florida resident held not "substantial"); *Price v. Point Marine, Inc.*, 610 So.2d 1339, 1341–42 (Fla. 1st DCA 1992); *Spanier v. Suisse–Outremer Reederei A.G.*, 557 So.2d 83 (Fla. 3d DCA 1990). It is difficult to see how Graham's registration alone, especially since Graham's registration in Florida was required by the state for a tax audit and also since the record shows that Graham Engineering does not conduct substantial business in Florida, would begin to satisfy this threshold test.[2]

The Court having considered the matter and being otherwise advised in the premises, it is hereby

ORDERED and ADJUDGED that Defendant's Motion to Dismiss [DE #3] is GRANTED and the above cause is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction over the Defendant.

Plaintiff's Motion for Limited Discovery and Request for Evidentiary Hearing [DE #9] is DENIED as MOOT.

Defendant's Motion to Transfer Venue [DE #19] is DENIED as MOOT.

---

1. Interestingly, the dissent in this case (dissenting on the grounds that inquiry into the defendant's minium contacts, even though it did not raise the issue, should have been conducted) stated that the *Pepsico* case that Plaintiff relies upon, *supra*, "disclaimed reaching the issue whether mere registration and appointment of a resident agent in and of themselves satisfy the minimum contacts of the Due Process Clause." *Core*, 591 So.2d 207, 209 (Farmer, J. dissenting). *See also, Hobbs v. Don Mealey Chevrolet, Inc.*, 642 So.2d 1149, 1154 (Fla. 5th DCA 1994) (the supreme court in *Pepsico* "specifically noted that no due process issue existed, presumably because Pepsico's minimum contacts with the state of Florida were not questioned").

2. Another argument that Defendant raises is that its registration in Florida was not completely voluntary, and as such "waiver would be particularly unfair." The Court notes that there is support for this position. *See Leonard v. USA Petroleum Corp.*, 829 F.Supp. 882, 886 (S.D.Tex.1993) (due process demands that presence imply consent only if it is voluntary, and consent requires more than legislatively mandated compliance with state laws); *Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745, 748 (4th Cir.1971) (registration to do business and appointment of an agent is "of no special weight" since "applying for the privilege of doing business is one thing, but the actual exercise of that privilege is quite another").