Laurie **KESTON**, Plaintiff,

v.

**FIRSTCOLLECT, INC.,** and David Fieldstein, Defendants.

No. 07–60933–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Oct. 31, 2007.

Laura L. Hess, Coral Springs, FL, for Plaintiff.

Barbara Fernandez, David Palmer Hartnett, Hinshaw & Culbertson, Miami, FL, for Defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

MARCIA G. COOKE, District Judge.

This matter is before me on Defendants' Motion to Dismiss Plaintiffs Complaint [D.E. 5], filed on July 27, 2007. I have read the motion with supporting affidavits,[1] response, and reply. I am granting Defendants' Motion to Dismiss because I do not have personal jurisdiction over them.

### I. BACKGROUND

This action was brought in the County Court in and for Broward County under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Compl. ¶1 [D.E. 1, Ex. A]. Defendant removed this action under 28 U.S.C. § 1446(b) to the United States District Court for the Southern District of Florida. Notice of Removal [D.E. 1]. Defendant FirstCollect, Inc. ("FirstCollect") is a Maryland corporation authorized by the Florida Secretary of State to conduct business in Florida. Opp. to Mot. to Dismiss at 1 [D.E. 14]. FirstCollect maintains a registered agent in the Southern District of Florida and has a license as a Consumer Collection Agency from the Florida Office of Financial Regulation Id. Defendant David Fieldstein is employed by FirstCollect as in-house counsel.

Plaintiffs Complaint does not state where she resides, but rather states that her legal billing address is in Florida. Compl. ¶5. Plaintiff retained Hess Kennedy Co. Chartered ("Hess Kennedy") and its attorneys for the purpose of determining whether Defendants were in compliance with the FDCPA. Opp. to Mot. to

1. Defendants filed affidavits in support of their Motion to Dismiss. Plaintiff did not file a counter-affidavit showing the basis for my jurisdiction. Plaintiff also does not dispute any of the facts Defendants set forth in their affidavits.

Dismiss ¶ 13 [D.E. 14]. Hess Kennedy sent Defendants a representation letter, notifying them that Plaintiff was represented by a Florida attorney and requesting validation of the alleged debt under the FDCPA. *Id.* at 14. In response, FirstCollect wrote to Hess Kennedy that the only attorney registered in the State of Florida with the firm is Laura L. Hess and that the Florida Supreme Court had placed Ms. Hess on probation for three years with certain "terms and conditions" unknown to the Defendants. Letter to Hess Kennedy [D.E. 5, Ex. B]. The Defendants further notified Hess Kennedy that it could not respond to the validation request until Hess Kennedy identified the employee who wrote the letter and gave proof that the person is licensed to practice law. *Id.*

## II. LEGAL STANDARD

▮ On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), where a district court does not conduct a discretionary evidentiary hearing, "the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant by presenting enough evidence to withstand a motion for directed verdict." *Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1317 (11th Cir.2006) (citing *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990)). I must accept all uncontroverted factual allegations in the Complaint as true. *Id.* Where the Complaint and Defendant's affidavits conflict, I must construe all reasonable inferences in Plaintiffs favor. *Id.*

## III. DISCUSSION

### 1. Personal Jurisdiction

▮ Whether I have personal jurisdiction over a nonresident defendant is a two-part inquiry. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990) (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.,* 902 F.2d 829, 855 (11th Cir. 1990); *Alexander Proudfoot Co. World Headquarters L.P. v. Thayer,* 877 F.2d 912, 916 (11th Cir.1989)). First, I must consider the jurisdictional question under Florida's long-arm statute. *Id.* If the statute provides a basis for personal jurisdiction, I must determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Id.* (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). I can only exercise personal jurisdiction over a nonresident defendant if both prongs of the analysis are satisfied. *Id.*

### a. Florida's Long–Arm Statute

▮ Plaintiff's Complaint asserts jurisdiction under Florida Statutes Section 48.193(1)(a), (1)(b), and (2).[2] Nevertheless, in opposition to the motion to dismiss, Plaintiff only argues that Defendants' conduct meets the jurisdictional requirements of Florida Statutes Section 48.193($l$)(a) and ($l$)(b). These subsections of the Statute provide that jurisdiction is proper in Florida if a person engages in any of the following acts: "(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state. (b) Committing a tortious act within this state."

Defendants argue that the Affidavits of David Fieldstein [D.E. 5–2, Ex. A] and

**2.** The long-arm statute must be strictly construed; therefore, any doubts about the applicability of the statute must be resolved in favor of the defendant and against a conclusion that personal jurisdiction exists. *Gadea v. Star Cruises, Ltd.,* 949 So.2d 1143, 1150 (Fla. 3d DCA 2007).

Elizabeth A. Miller [D.E. 5–3, Ex. B] controvert Plaintiff's assertion that jurisdiction is proper in Florida. A careful reading of the affidavits reflects that all contacts with Plaintiff Laurie Keston were in Maryland. Affs. ¶ 6–8. The affidavits do not state, however, whether Defendants have contacts with Florida in regard to other consumers.

█ █ In her opposition to the motion, Plaintiff presents evidence in support of jurisdiction under § 48.193(*l* )(a), Fla. Stat., that FirstCollect has a valid license to conduct consumer collection activities in Florida, file annual reports with the Florida Secretary of State, and have a registered agent within the State. Exhibits to Pl.'s Opp.'n to Mot. to Dismiss [D.E. 14–2, 14–3]. Furthermore, the registered agent was served in this case. Notice of Removal, Ex. A [D.E. 1]. Plaintiff relies on *Hobbs v. Don Mealey Chevrolet, Inc.,* 642 So.2d 1149, 1153 (Fla. 5th DCA 1994), for the proposition that possessing a license to do business in Florida is a relevant factor for personal jurisdiction. I agree.[3] The possession of a license to do business in Florida combined with service on a registered agent in Florida, and the absence of evidence that FirstCollect does not conduct any other collection business in the state, leads me to conclude that the long-arm statute applies to at least FirstCollect. *See Rose's Stores, Inc. v. Cherry,* 526 So.2d 749, 751–52 (Fla. 5th DCA 1988); *Young v. Capital One Bank,* No. 07–60731, 2007 WL 1952979, at *2 (S.D.Fla. July 2, 2007). This analysis, however, would not apply to individual defendant David Fieldstein ("Fieldstein").

█ Under *Wendt v. Horowitz,* 822 So.2d 1252, 1253 (Fla.2002), making telephonic, electronic, or written communications into Florida can constitute "committing a tortious act" within Florida under § 48.193(*l* )(b), Fla. Stat., but only if the tort alleged arises from such communications. *See also Machtinger v. Inertial Airline Serv.,* 937 So.2d 730, 735 (Fla. 3d DCA 2006). Although Fieldstein wrote a letter to Hess Kennedy inquiring as to the identity of the lawyer representing Plaintiff and whether that lawyer was eligible to practice law in Florida, the tort alleged, i.e., violations of the FDCPA, does not arise from this letter. To the contrary, Fieldstein was required to make such an inquiry to avoid violating the FDCPA's prohibition on disclosing information regarding the consumer's debt to third parties, including attorneys, without first having knowledge that the consumer is represented by an attorney and knowledge of the consumer's attorney's name and address. *See* 15 U.S.C. § 1692b. Plaintiff never authorized Defendants to communicate with Hess Kennedy about her debt. Fieldstein's letter, therefore, was simply an attempt to obtain information from Plaintiff, which would authorize Defendants to communicate with Hess Kennedy to further their collection efforts. All other contacts with Plaintiff by both Defendants were in Maryland, where Plaintiff and both Defendants reside. "The appropriate inquiry is whether the tort as alleged occurred in Florida, and not whether the alleged tort actually occurred." *Machtinger,* 937 So.2d at 734. I find that the tort here, if any, occurred in Maryland, not in Florida.[4] Fieldstein,

---

**3.** Whether Florida's long-arm statute confers personal jurisdiction is a question of Florida law. *Id.* I am, therefore, required to construe it as would the Florida Supreme Court. *Id.* (citing *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank N.V.,* 701 F.2d 889,

890–91 (11th Cir.1983); *Moore v. Lindsey,* 662 F.2d 354, 357–58 (5th Cir. Unit B 1981)).

**4.** Plaintiff also fails to show that FirstCollect committed a tortious act in Florida given that all of FirstCollect's collection efforts were in Maryland.

therefore, is not subject to the Florida long-arm statute. Accordingly, I do not have personal jurisdiction over him.

### b. Minimum Contacts and Traditional Notions of Fair Play and Substantial Justice

■■■ The due process component of personal jurisdiction also involves a two-part inquiry. *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 630 (11th Cir.1996). First, I must consider whether FirstCollect has minimum contacts with the state of Florida. *Id.* Then, I must consider whether the exercise of personal jurisdiction over FirstCollect would offend "traditional notions of fair play and substantial justice." *Id.* at 630–31.

#### i. Minimum Contacts

■■■ A minimum contacts analysis requires three separate inquiries. *Id.* at 631. First, the contacts must be related to the plaintiffs cause of action or have given rise to it. *Id.* Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws. Last, the defendant's contacts within the forum state must be such that it should reasonably anticipate being haled into court there. *Id.* (citing *Francosteel Corp. v. M/V Charm,* 19 F.3d 624, 627 (11th Cir.1994)).

Two of the three inquiries favor a finding that FirstCollect has insufficient minimum contacts with Florida to exercise personal jurisdiction over it. Since FirstCollect has a license to conduct collection activities within Florida, it has purposefully availed itself of the privilege of conducting activities within Florida. FirstCollect has not, however, directed any collection efforts to Florida in connection with Plaintiff. The letter Fieldstein mailed Hess Kennedy on behalf of FirstCollect was not an attempt to collect a debt, but rather to ascertain whether Laura Hess was some-

one who FirstCollect could communicate with regarding Plaintiff's debt. Additionally, there is no evidence before me that FirstCollect has ever directed collection activities toward Florida other than its license to conduct collection activities within the state. The presence of a corporate agent within the State, service on that agent, and a license to do business in the State are not enough to support my personal jurisdiction over FirstCollect, especially where the cause of action is not related to these contacts. *See Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 317, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Consol Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1293 (11th Cir.2000); *Siemer v. Learjet Acquisition Corp.,* 966 F.2d 179, 182 (5th Cir.1992); *Sofrar, S.A. v. Graham Eng'g Corp.,* 35 F.Supp.2d 919, 921 (S.D.Fla.1999). I, therefore, find that FirstCollect has insufficient minimum contacts for me to exercise personal jurisdiction over it in this case. Although I can forego determining whether the exercise of personal jurisdiction over Defendant would offend traditional notions of fair play and substantial justice, I will nevertheless engage in that analysis.

#### ii. Traditional Notions of Fair Play and Substantial Justice

■■■ The factors to decide whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice are: (1) the burden on the defendant in defending the lawsuit; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Cronin v. Wash. Nat'l Ins. Co.,* 980 F.2d 663, 671

(11th Cir.1993) (citing *Madara v. Hall*, 916 F.2d 1510, 1515–16 (11th Cir.1990)).

■ While FirstCollect will be burdened by having to defend this lawsuit in Florida, that burden is slight given the ease with which FirstCollect could send a representative to Florida. *See Hanson v. Denckla*, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) (improvements in communication and transportation have made it easier to defend a lawsuit in a foreign jurisdiction). Additionally, it might be more efficient to maintain the lawsuit in this district, rather than to dismiss it so that it will have to be re-filed. Nevertheless, the case has only been pending for three months and the only substantive motion that has been filed is the instant motion to dismiss. The remaining factors, however, do not favor personal jurisdiction in Florida. Plaintiff does not appear to be a resident of Florida and her claims are brought under the FDCPA, a federal statute, so Florida has little interest in adjudicating this dispute.[5] This is true despite FirstCollect's Florida license to engage in collection activities since FirstCollect did not use its license to engage in collection activities in connection with Plaintiff. As Plaintiff appears to reside in Maryland, it is only her counsel that has an interest in litigating this lawsuit in Florida.[6] Finally, while all states presumably share an interest in seeking enforcement of federal statutes, the location of that enforcement action, whether in Florida or Maryland, does not impact furthering shared social policies.

I conclude that Plaintiff has not shown that traditional notions of fair play and substantial justice are satisfied by forcing FirstCollect to defend this case against a Maryland resident in Florida. The exercise of personal jurisdiction over FirstCollect does not meet the due process requirements of the Fourteenth Amendment.

### 2. Venue

■ Defendants also challenge this action on the basis of improper venue, citing 28 U.S.C. § 1391. The proper venue statute in a removal action is 28 U.S.C. § 1441(a). *Global Satellite Commc'n v. Starmill U.K.*, 378 F.3d 1269, 1271 (11th Cir.2004). "Thus, once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds." *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1299 (11th Cir.2001) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953)). Once a case is removed, "as a matter of law, § 1441(a) establishes federal venue in the district where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed." *Id.* at 1300. I, therefore, find that venue is proper in this case. Nevertheless, I will dismiss this case for lack of personal jurisdiction.

---

**5.** A forum may exercise personal jurisdiction over nonresident defendants who purposefully direct their activities toward forum residents because "[a] State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of state actors." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). This "manifest interest" does not exist, however, where Plaintiff is a nonresident too.

**6.** Plaintiff's counsel asserts that property at issue in this lawsuit is located in Florida, in the form of an escrow account at Plaintiff's counsel's firm. Unilateral transfer of funds to a different jurisdiction cannot create personal jurisdiction where it is otherwise lacking. *See Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir.1990).

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint [D.E. 5] is **GRANTED**. This action is dismissed without prejudice. Plaintiff may re-file this action in a more appropriate district. All pending motions not otherwise ruled upon are **DENIED AS MOOT**. This case is **CLOSED**.